### In re Duane Gilbert JOHNSON and Delorse K. Johnson, Debtors.

**Bankruptcy No. 1-80-00342.**

United States Bankruptcy Court, S. D. Ohio, W. D.

April 30, 1980.

Wayne F. Wilke, Cincinnati, Ohio, for debtor.

Arthur C. Elliott, Cincinnati, Ohio, trustee.

### DECISION DENYING CONFIRMATION OF CHAPTER 13 PLAN

BURTON PERLMAN, Bankruptcy Judge.

This is a Chapter 13 case under the Bankruptcy Code which came on for a meeting of creditors pursuant to 11 U.S.C. § 341 and confirmation hearing. Debtors filed a plan proposing to pay Sears and Roebuck Company, the only secured creditor listed, a monthly payment of $34.00 and valued the security of the Sears transaction at $400.00. The plan otherwise provided for a 10% payment to unsecured creditors. The plan proposes a monthly payment of $55.00. At the confirmation hearing, counsel estimated that the plan would take three and one-half years to pay out. The schedules show that debtors purchased a house in July 1979 and are paying it off at $270.00 per month. This payment is to be outside the plan.

Debtors are a young couple expecting a child. The statement they filed reflects that the husband is a printer who is unemployed, his employment having terminated upon the merger of certain operations of the two Cincinnati newspapers. Though unemployed, he is receiving compensation from his former employer and for the year 1979 received $17,000.00. The wife is not employed and did not work in 1979. We refused to confirm the plan at the confirmation hearing, indicating that in the circumstances of this case a plan proposing a 10% pay out to unsecured creditors was

unacceptable. There were no objections by creditors to confirmation of the plan, and the court acted sua sponte in denying confirmation. At the request of counsel for debtors we write this decision in support of that outcome.

In the Bankruptcy Code, 11 U.S.C. § 1325 provides as follows:

**1325. Confirmation of plan**

(a) The court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

(b) After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

It appears that with a single exception to be hereafter discussed, that the several clauses of this section have been complied with in the plan proposed. Perhaps the most significant of these is that unsecured creditors would receive under the proposed plan "not less than the amount" they would receive in the event of a liquidation under Chapter 7. It is our view, however, that there has not been compliance with § 1325(a)(3), and it is this failure which leads us to deny confirmation. This is the clause which requires that a Chapter 13 plan be proposed in good faith.

The problem of giving content to the "good faith" clause of § 1325 is not an easy one, for nowhere in the legislative history does it appear that there was specific discussion directed to the reason for inclusion of this requirement. In the absence of such background, it is in order for us to observe that this clause or its like appeared in connection with Chapter X at § 141 of the predecessor Act; with Chapter XI in §§ 361 and 366; and with Chapter XII, at § 472. At 9 Collier (14 ed.) 319 in regard to § 366 of the Bankruptcy Act, the following comment is made:

"Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of Chapter XI in the proposal or acceptance of the arrangement."

There is a like statement in regard to the good faith requirement in connection with Chapter XII at *9 Collier* (14th ed.) 1145. This remark in *Collier* make eminent sense, and for that reason we direct our inquiry at the "purpose or spirit" of Chapter 13 to see whether we can uncover what the legislature had in mind in adopting such legislation.

In the House Judiciary Committee Report No. 95–595 at p. 117, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6077, in commenting upon the drawbacks of old Chapter XIII, the report remarks that:

"The hearings before the Subcommittee indicated strongly that most consumer debtors would rather work out a repayment plan than file straight bankruptcy."

And at p. 118, U.S.Code Cong. & Admin. News 1978 at 6079:

"The purpose of a Chapter 13 is to enable an individual, under Court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period. In some cases, the plan will call for full repayment. In others, it may offer creditors a percentage of their claims in full settlement."

In addition, at p. 117, U.S.Code Cong. & Admin.News 1978 at 6077 the Report, in referring to the desirability of Chapter 13 speaks of ". . . a repayment plan under which all creditors are repaid most, if not all, of their claims over an extended period."

A more detailed recounting of the legislative history of Chapter 13 under the Bankruptcy Code is to be found in *In re Richard F. Iacovoni et al.*, 2 B.R. 256, 5 B.C.D. 1270 (Bkrtcy. Utah, 1980).

The text of the Report is shot through with references to "repayment", and our impression is that the legislature, believing that debtors would rather repay their creditors than go into a liquidating bankruptcy under Chapter 7, focused upon working out a mechanism to help debtors do that. The legislature simply did not contemplate the opportunities that the Chapter 13 it developed which assumed a desire to repay, would present for those who did not wish to repay their creditors in substantial amounts. Except for the good faith requirement, § 1325 could be construed to present, in many cases, a means for avoiding liquidation without making significant repayments to unsecured creditors.

We conclude that the legislature in adopting Chapter 13 of the Bankruptcy Code had in mind that Chapter 13 plans would provide for repayment of all or at least a substantial amount of the unsecured debt of the debtor. This was the essence of "the purpose or spirit" of Chapter 13, and we believe that this is what "good faith" in a Chapter 13 plan requires. There remains the problem of quantifying this requirement. In approaching this problem it will be well to look further at Report No. 95–595. At p. 118, U.S.Code Cong. & Admin. News 1978 at 6079 of the Report appears:

"This protection [Chapter 13] relieves the debtor from indirect and direct pressures from creditors, and enables him to support himself and his dependents while repaying his creditors at the same time."

We conclude from this that the court must consider composition plans on a case by case basis. In each composition plan, the court must make a judgment as to whether the plan proposed evidences a serious commitment to repayment of creditors. One thing that the Court will consider in evaluating this commitment is how much the debtor must reserve from his income to support himself and his dependents. We will observe that we expect that only seldom will we find that a proposed composition plan with so low a repayment to unsecured creditors as 10% is proposed in good faith. In our view a serious commitment to repayment of debts will have to be evidenced by a considerably higher percentage of repayment.

It is to be borne in mind that the Bankruptcy Code provides recourse for the relief of debtors other than by way of Chapter 13. Liquidation under Chapter 7 is available, and would appear to be the proper vehicle for the debtor who is not motivated by a desire to repay his creditors.

Applying the foregoing principles to the facts of the present case, we conclude that the plan submitted, which proposed a 10% payment to unsecured creditors, was not proposed in good faith as we interpret this statutory requirement. The plan calls for a monthly payment of $55.00, while debtors' income is some $17,000.00 per year, payments to continue for 42 months. We believe and hold that this does not evidence a serious commitment on the part of debtors to repayment of creditors. Confirmation of the plan will therefore be denied. Debtors shall have 20 days to present an amended plan. If they fail to do so their petition will be dismissed.