**In the Matter of Richard CIOTTA and Lilian Ciotta, Debtors.**

**Bankruptcy No. 879–03692–17.**

United States Bankruptcy Court,
E. D. New York.

May 14, 1980.

Donner, Fagelson, Hariton & Berka, P.C., Bay Shore, N. Y., for debtor by Frederick Fagelson, Bay Shore, N. Y.

Bertram J. Berger, Trustee, pro se.

## DECISION

BORIS RADOYEVICH, Bankruptcy Judge.

The above-named debtors filed a chapter 13 petition, statement and plan with this Court on 29 November, 1979. Their plan has been deemed accepted by their one secured creditor, who holds a mortgage on their residence dwelling, in accordance with section 1325(a)(5)(B) of the Bankruptcy Code, 11 U.S.C. § 1325(a)(5)(B). The amended plan also provides for a 12% return over 36 months to general unsecured creditors. A hearing on the confirmation of their plan, as amended, was held on 5 May, 1980. Decision was reserved to consider whether a prior discharge in bankruptcy granted to one of these debtors in a proceeding commenced within six years of the filing of the present case should bar confirmation of their proposed chapter 13 plan.

Section 727(a) of the Bankruptcy Code, 11 U.S.C. § 727(a), reinstates the so-called six year bar against successive discharges formerly contained in section 14c(5) of the Bankruptcy Act, 11 U.S.C. § 32(c)(5). Section 727(a) provides that:

> [t]he Court shall grant the debtor a discharge unless— . . .
>
> (8) the debtor has been granted a discharge under this section . . . or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of filing of the petition;
>
> (9) the debtor has been granted a discharge under section 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—
>
> (A) 100 percent of the allowed unsecured claims in such case; or
>
> (B)(i) 70 percent of such claims; and (ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort; . . .

11 U.S.C. § 727(a)(8), (9). However, section 103(b) of the Code, 11 U.S.C. § 103(b), provides that the provisions of subchapter II of chapter 7, of which section 727 is a part, apply only in cases commenced under chapter 7. Therefore, the Court is urged to find that the debtor's prior chapter VII discharge is not a bar to confirmation of the instant chapter 13 plan.

It was settled, under prior law, that a wage earner's plan in the nature of a composition could not be confirmed, if, in a proceeding under title 11 commenced within six years prior to the date of the filing of the petition under chapter XIII, the debtor had been granted a discharge in bankruptcy. *Perry v. Commerce Loan Co.*, 383 U.S. 392, 403, 86 S.Ct. 852, 858, 15 L.Ed.2d 527 (1966) (dicta). The purpose of section 14c(5) was to prevent abuse of the Act, which could occur by allowing individuals to discharge their debts repeatedly. As such, section 14c(5) was consistent with the provisions of chapter XIII, and was applied in cases commenced under that chapter pursuant to the authority of section 602 of the Act, 11 U.S.C. § 1002.[1]

A prior discharge in bankruptcy, however, did not act similarly to bar confirmation of a wage earner's plan which merely extended the debtor's obligations but did not otherwise diminish them. *Perry v. Commerce Loan Co.*, 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 527 (1966). This was because the purpose of Congress in adopting chapter XIII was to provide encouragement to wage earners to repay their debts in full, rather than to go into straight bankruptcy or composition. *Id.* at 395, 86 S.Ct. at 854. *See also* H.R.Rep. No. 1409, 75th Cong., 1st Sess. 2 (1959). Moreover, a discharge under section 660 of the Act, 11 U.S.C. § 1060, was viewed as a mere formality when the consummated wage earner's plan was in the nature of an extension only, since the debtor's debts were paid in full under such plans. *Perry v. Commerce Loan Co.*, 383

---

1. Section 602 of the Act, 11 U.S.C. § 1002 provided (in pertinent part): "The provisions of chapters I to VII inclusive, of this Act shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter . . . ."

U.S. 392, 398–99, 86 S.Ct. 852, 856–57, 15 L.Ed.2d 527 (1966).

There is no doubt that the purpose behind new chapter 13 is to encourage the repayment of debts through future earnings, as an alternative to the liquidation of assets and the payment of a dividend to satisfy and discharge debts. There is no indication in the Code's legislative history, however, that the statute was intended to encourage repeated use of chapter 13 compositions to escape debt. In the House Report on the Bankruptcy Reform Act, it is said that

> [t]he premises of the bill with respect to consumer bankruptcy are that *use of the bankruptcy law should be a last resort*; that if it is used, debtors should attempt repayment under chapter 13, Adjustments of Debts of an individual with Regular Income, and finally, whether the debtor uses chapter 7, Liquidation, or chapter 13, . . . bankruptcy relief should be effective, and should provide the debtor with a fresh start.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 117–18 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6078 (emphasis added). Thus, implicit in this statement of legislative purpose is the notion that, in the aggregate, creditors will fare better in chapter 13 than in chapter 7 cases.

It seems absurd to suggest that Congress intended to provide a mechanism for the repeated evasion of honest debt as a means of encouraging financially troubled individuals to use chapter 13 rather than chapter 7. It may be that Congress believed the majority of chapter 13 wage earner plans would provide for the extension of debt only. This was the experience under the Bankruptcy Act, perhaps because of the creditor approval prerequisite contained in section 652 of the Act, 11 U.S.C. § 1052. *See Perry v. Commerce Loan Co.*, 383 U.S. 392, 395 n. 4, 86 S.Ct. 852, 855 n. 4, 15 L.Ed.2d 527 (1966). *See also* S.Rep. No.

179, 86th Cong., 1st Sess. 2 (1959), *reprinted in* [1959] U.S.Code Cong. & Admin.News, p. 1446. This provision was not continued in the Code. *Cf.* 11 U.S.C. § 1325(a)(5) (secured creditors acceptances required, but only under certain circumstances). The experience of this Court with Code filings, however, is that the greatest majority of chapter 13 plans are in the nature of compositions. Plans which would provide for the repayment of more than 50% of unsecured debt are few and far between. In a majority of cases, creditors fare only a little better under chapter 13 than they would in chapter 7.

▮ Notwithstanding the foregoing, it has long been the rule that the right to a discharge is statutory and should be construed liberally in order to carry into effect the intent of Congress. Accordingly, it has been said that the grounds for opposing discharge should not be extended by construction. *E. g., In re Leichter*, 197 F.2d 955 (3rd Cir. 1952), *cert. denied sub nom. Dworsky v. Leichter*, 344 U.S. 914, 73 S.Ct. 336, 97 L.Ed. 705 (1953). This should be the rule in cases under the Bankruptcy Code as well, and particularly in chapter 13 cases in view of the few exceptions to discharge provided in section 1328 of the Code. 11 U.S.C. § 1328. While this Court questions the wisdom of this statutory scheme,[2] it is clear that Congress intended that the so-called six-year bar against successive discharges continued in section 727 of the Code should not apply to the discharge granted in chapter 13 cases under section 1328. This conclusion is supported by the absence of a chapter 13 provision comparable to section 602 of the Act,[3] which made section 14(c) of the Act applicable in chapter XIII cases to the extent that it was consistent with the provisions of that chapter. *See Perry v. Commerce Loan Co.*, 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 527 (1966). Added support

---

**2.** The more heinous wrongs recited in section 727, such as transfers of property in fraud of creditors, the making of false oaths or accounts in connection with bankruptcy proceedings, and refusing to obey lawful court orders, also are inapplicable in chapter 13 cases by virtue of section 103 of the Code. These, clearly, are *absurd consequences which flow from the statutory scheme.*

**3.** *See* note 1, *supra*, for the text of former section 602.

is found in section 1328 of the Code which, by its creation of narrow grounds for objection to discharge, makes it obvious that this was not an oversight on the part of the drafters of the Code. Commentators have reached the same conclusion. *See, e. g.,* Lee, *Chapter 13 nee Chapter XIII,* 53 Am. Bankr.L.J. 303, 342–35 (1979).

Accordingly, this Court holds that the six year bar to successive discharges does not apply in cases commenced under chapter 13 of the Bankruptcy Code.

Submit order.