**In re James Sherman PEARSON, aka James S. Pearson, Carolyn Denise Pearson aka Carolyn D. Pearson.**

**No. 580–217.**

United States Bankruptcy Court, N. D. Ohio.

June 4, 1980.

Richard Romweber, Akron, Ohio, for debtors.

Jerome L. Holub, Akron, Ohio, Chapter 13 trustee, John W. Mygrant, Akron, Ohio, for plaintiff.

## FINDING AS TO OBJECTION TO CONFIRMATION OF PLAN

H. F. WHITE, Bankruptcy Judge.

First National Bank of Akron, an unsecured creditor, filed an objection to the confirmation of the debtors' Plan of Arrangement on the basis that the Plan violated 11 U.S.C. § 727(a)(9) in that on July 12, 1976 in North Carolina the debtors filed case No. 76–122–BK–4 and 76–123–BK–4 and the debtors were granted a discharge of their debts under Chapter VII of the Bankruptcy Act of 1898 as amended within six years of the commencement of the debtors' present chapter 13 case.

Further, the creditor alleges that the Plan is not the debtors' best effort as 11 U.S.C. § 1322(c) allows the debtors to propose a Plan over a longer period of time than 3 years.

The creditor further alleges that the debts of the debtors were understated by the debtors and that one of the creditors, East Ohio Heating Company, is being preferred in payments as it is scheduled as a secured creditor when actually it is an unsecured creditor and not a secured creditor as scheduled and is to be paid 100 percent of its debt under the debtors' plan. The creditor alleges that for these reasons the Plan is not filed in good faith.

The Court makes the following Finding of Facts.

## FINDING OF FACT

1. The debtors filed a joint petition under Chapter 13 of the Bankruptcy Code on February 21, 1980.

2. The debtors' monthly income is $1,784.00 per month.

3. The plan provides for 100 percent payment to secured claims and 70 percent to all creditors holding allowed unsecured claims.

4. East Ohio Heating Company, was scheduled as a secured creditor and did not file a proof of claim until May 1, 1980. They claim two mechanic's liens on the debtors' real estate. However, it has been determined that their claims are unsecured as the creditor failed to perfect the mechanic's liens against the debtors' real estate.

5. The First Meeting of Creditors was held on April 3, 1980 and the confirmation hearing was held on April 17, 1980.

6. The debtor listed secured claims of $50,487.85 and unsecured claims of $10,015.36.

7. The value of the real estate of the debtors is $40,000.00 and the debtors are entitled to a $10,000.00 homestead exemption under Section 2329.66(A)(1) of the Ohio Revised Code. There are two valid mortgage liens, which are undisputed, against the real estate in the amount of $39,195.85.

8. The personal property listed by the debtors is valued at $7,400.00 and the exemptions claimed on said personal property total $7,400.00. There have been no exceptions filed to the exemptions as claimed by the debtors.

9. The Court has determined that under the Plan as proposed by the debtors the unsecured creditors will receive over a period of three years a substantial dividend on their claims. Had they filed a Chapter 7 proceedings, based on the debtors' exemptions, there would be no assets to be distributed to the general creditors.

## ISSUE

May the Court confirm a composition in Chapter 13 when the debtors have obtained a discharge in bankruptcy within the six-year period prior to the commencement of the Chapter 13 case? Further, is the Plan filed in good faith when the unsecured creditors will receive 70 percent of their claims within a three-year period under Section 1322(c).

## LAW

■ The creditor's objection to the Plan is without merit. Section 103(b) (11 U.S.C. § 103) provides: "Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." Therefore, the six-year bar of Section 727(a)(9) is not applicable to a Chapter 13 proceeding. The debtor can file a Chapter 13 proceedings within 6 years from the date he was granted a discharge in a prior Chapter VII bankruptcy proceedings under the Bankruptcy Act of 1898, or under chapter 7 of the new Bankruptcy Code. However, a debtor in chapter 7 cannot obtain a discharge in a chapter 7 case which was commenced within six years from the date the debtor was granted a discharge in chapter 13 unless unsecured claims were paid 100 percent under the plan or unless unsecured claims were paid 70 percent and the plan was proposed in good faith and was the debtor's best effort. 11 U.S.C. § 727(a)(9)(A) and (B)(i) and (ii).

The Court has determined that East Ohio Heating Company is an unsecured creditor and therefore will be paid under the Plan of Arrangement as an unsecured creditor in the sum of 70 percent of its claim. The classification requirement under Section 1322(b)(1) is moot as all unsecured creditors will be treated the same and there is no distinction between the treatment of the claim of the First National Bank of Akron and the claim of East Ohio Heating Company.

■ Section 1322(c) specifies that a plan may not provide for a period of payment which is longer than three years, unless the Court for good cause approves a longer period of time. Congress considered the question of establishing a longer period of time in which to complete a Plan under Chapter 13 and in H.R.Rep. No. 595, Cong. 1st Sess. (117) 1977 stated:

> On the other hand in certain areas of the country, inadequate supervision of debtors attempting to perform under wage earner plans have (sic) made them a way of life for certain debtors. Extensions on plans, new cases, and newly incurred debts put some debtors under court supervised repayment plans for seven to ten years. This has become the closest thing there is to involuntary servitude . .

This Court must concur in this reasoning as the Court is aware of cases in which a debtor was kept in a Chapter XIII proceedings for a period of 10 to 20 years. Certainly such cases are very close to involuntary servitude upon the debtor. Congress when it enacted the Bankruptcy Code wanted to avoid the past practices that permitted the debtor to become an economic slave.

The Court is required to confirm the plan if the plan proposed by the debtor meets the six requirements of 11 U.S.C. 1325(a). One of the requirements is that the Plan must be proposed in good faith. There was no evidence presented that the Plan was not proposed in good faith. There was no evidence that the Plan was proposed by any means which would be prohibited by law. Certainly the proposal to pay 70 percent of unsecured claims, which was the percentage of repayment of unsecured claims chosen by Congress in order for a debtor who had been granted a discharge in chapter 13 within six years from commencement of a chapter 7 case to be able to obtain a discharge under Chapter 7, is evidence of good faith. 11 U.S.C. § 727(a)(9)(B)(i). The creditor did not offer any evidence of bad faith. Further, the creditor is protected in that the debtors do not get a discharge under Section 1328 unless they complete all payments provided for under the Plan.

## CONCLUSION

Therefore, it is the conclusion of this Court that the objection to the confirmation

of the Plan of Arrangement should be overruled and the Plan should be confirmed.