**In re Philip Albert DeSIMONE, Debtor.**

**Bankruptcy No. 80 B 20152.**

United States Bankruptcy Court,
S. D. New York.

Aug. 28, 1980.

S. Andrew Schaffer, New York City, for New York University.

Regan, Goldfarb, Heller, Wetzler & Quinn, New York City, for New York State Higher Ed. Service Corp.; Thomas A. Holman, New York City, of counsel.

Jeffrey L. Sapir, Yonkers, N. Y., Standing Trustee.

Legal Clinic of Sieck and Zelinka, New York City, for debtor.

## DECISION ON OBJECTIONS TO CONFIRMATION OF DEBTOR'S PLAN FILED BY NEW YORK UNIVERSITY, NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION AND THE STANDING TRUSTEE.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Last year this debtor invoked the blessing of dischargeability under the now repealed Bankruptcy Act of 1898 so as to obtain a discharge of all of his obligations other than student loans, which are nondischargeable under 20 U.S.C. § 1087-3. Now this debtor seeks to be twice blessed by offering to pay $360 over a 36 month period towards his only listed obligations, the previously undischarged student loans of $23,370.05, pursuant to a plan filed under Chapter 13 of the Bankruptcy Reform Act of 1978.

This controversy arises as a result of the objections to confirmation of the debtor's proposed Chapter 13 plan filed by New York University, New York State Higher Education Services Corporation, and the Chapter 13 standing trustee.

New York University, an unsecured creditor, contends: (1) Congress never intended that debts which are nondischargeable under § 523(a) of the Bankruptcy Code be dischargeable under Chapter 13; (2) The debtor's plan was not proposed in good faith; (3) The debtor will be unable to comply with the payment terms of the plan; (4) The Court should require that educational loans be treated as long term debts and hence nondischargeable.

New York State Higher Education Services Corporation, another unsecured creditor, argues: (1) The proposed plan does not satisfy the confirmation standard of § 1325(a)(4) of the Bankruptcy Code because the value of the property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7; (2) The plan was not proposed in good faith.

The Chapter 13 standing trustee asserts: (1) A 1% payment plan to unsecured creditors in full satisfaction of their claims which would otherwise be nondischargeable under § 523(a)(8) of the Bankruptcy Code is not within the good faith standard of § 1325(a)(3) of the Bankruptcy Code; (2) The proposed plan does not satisfy the "best interest" test of § 1325(a)(4); (3) The debtor will not be able to make all payments under the plan.

## FACTS

1. The debtor, Philip Albert DeSimone, filed his petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq., on April 22, 1980.

2. The obligations listed in the debtor's petition are solely unsecured debts for student loans. The debtor has listed student loans from New York State Higher Education Services Corporation in the amount of $18,112 and from New York University in the amount of $2491.13. The total indebtedness listed is $23,370.05.

3. The debtor proposes to pay to unsecured creditors under the plan $10 per month for 36 months resulting in payment of approximately 1½% of the listed unsecured debt.

4. The debtor attended New York University and obtained a Bachelor of Arts degree in 1969. The debtor thereafter attended the Harvard University Graduate School of Arts and Sciences from 1969 to 1971. From 1974 through 1976 the debtor attended the Columbia University School of General Studies as a pre–medical student. The debtor spent two years at Albert Einstein Medical College but did not receive a degree. Beginning in November, 1979 the debtor has worked as a researcher for the Medical News Service where he earns $250 per month. The debtor also receives social security payments in the amount of $136.24 for a medical disability.

5. The debtor's budget lists his total monthly income as $386.24 and his average future monthly expenses as $375. The debtor's schedule of expenses lists rent at $80 per month. However, the debtor testified that his rent was actually $380 per month towards which his family gives him $300 per month. The debtor's excess of estimated future monthly income over estimated future expenses is $11.24.

6. On September 26, 1979 the debtor was adjudicated a bankrupt under the now repealed Bankruptcy Act of 1898. The debtor received his discharge on November 28, 1979. However, the student loans scheduled by the debtor were not discharged pursuant to 20 U.S.C. § 1087–3.

## DISCUSSION

It should first be noted that the six year bar to successive discharges does not apply in cases commenced under Chapter 13 of the Bankruptcy Code and that the debtor's November, 1979 discharge is not a bar to confirmation of the Chapter 13 plan. *In re Ciotta*, 4 B.R. 253, 6 Bankr.Ct.Dec. 346 (Bkrtcy.E.D.N.Y.1980).

Although the objecting parties have raised serious questions regarding the confirmation of this Chapter 13 plan, this court will apply the reasoning expressed in its decision in *In re Seman*, 4 B.R. 568, CCH Bank.Law Rep., ¶ 67,455 (Bkrtcy.S.D.N.Y. 1980) on the ground that the proposed plan should be rejected for cause, pursuant to Code § 1307(c) because a repayment of $360 towards a $23,370.05 nondischargeable indebtedness previously listed in the petition filed under the former Bankruptcy Act is contrary to the statutory scheme and legislative history with respect to Chapter 13.

The 1½% payments under the proposed plan are de minimis and insulting to the student loan creditors and are tantamount to the zero plans generally rejected by the courts. See *In re Webb*, 3 B.R. 61, 5 Bankr. Ct.Dec. 1379 (Bkrtcy.N.D.Cal. 1980). This court previously dismissed a zero plan for cause in *In re Seman*, supra, stating:

"[A] zero plan should be rejected for cause because Congress did not intend that zero plans should be confirmed. Since the entire statutory scheme and the legislative history with respect to Chapter 13 reflect an intention to encourage more debtors to repay their debts over an extended period, a zero payment must be regarded as *inconsistent with such statutory design.*"

In this case the debtor is seeking to use the provisions of Chapter 13, specifically § 1328(a)(2) of the Code, to discharge the student loan obligations made nondischargeable by 20 U.S.C. § 1087–3 as applied to the Bankruptcy Act of 1898. Confirmation is sought as a result of literal compliance with the requirements of Code § 1325(a)(1), (6).

Section 1325(a)(1) of the Bankruptcy Code states:

"The court shall confirm a plan if–(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title . . . ."

Accordingly the court may look to Code § 1307(c) for guidance as to when a Chapter 13 case should be dismissed. That section states:

"(c) Except as provided in subsection (e) of this section, on request of a party in

interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, *for cause . . . .*" [Emphasis added] 11 U.S.C. § 1307(c).

The debtor argues that "a failure to confirm this plan would necessarily and unfortunately cause this court to enter the "quantitative thicket" it so skillfully avoided in *Seman*" and that "[t]he unfortunate result of taking that path would be to contribute to the already growing uncertainty as to what is not an appropriate repayment sum." This argument cannot be accepted in light of the legislative history surrounding Chapter 13. The House Report states:

"The purpose of Chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for repayment of his debts over an extended period."

H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977) 118 U.S.Code Cong. & Admin. News 1978, pp. 5787, 6079. In addition, the Senate Report states:

"Chapter 13 is designed to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor."

S.Rep.No.95–989, 95th Cong., 2d Sess. (1978) 141, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5927.

■ In the *Seman* case, supra, this court refused to apply a quantitative analysis in connection with the term "good faith" as expressed in Code § 1325(a)(3) because this court did not believe that "good faith" should be equated with the concept of "best effort", especially since "best effort" was not expressed as a standard for confirmation. Instead, this court concluded in *Seman*, supra that a zero plan or a disguised liquidation plan, was not consistent with the statutory design for meaningful payments contemplated under Chapter 13. Accordingly, this court held that it may dismiss or convert a Chapter 13 plan for cause as authorized under Code § 1307(c), when

such plan contravenes the legislative purpose underlying Chapter 13. Thus, while a quantitative analysis is not appropriated in determining "good faith", such analysis is germane to the question as to whether meaningful repayment is offered so as to escape a dismissal or conversion of a Chapter 13 plan for cause.

In modifying the Bankruptcy court's requirement of a 70% repayment plan in *In re Burrell*, 2 B.R. 650, 5 B.C.D. 1321 (Bkrtcy.N. D.Cal. 1980), the District Court concluded that while an inflexible rule of 70% repayment was arbitrary a Bankruptcy Court must nevertheless exercise its discretion in determining "whether his plan proposes to make meaningful payments to unsecured creditors." *In re Burrell*, Dist.Ct. N.D.Cal. (Aug. 19, 1980, Ingram, D. J.), Judge Ingram went on to say:

"If Congress had intended to abolish the substantiality requirement, it could have done so unambiguously. Because it did not, this Court must conclude that no change was intended."

Having concluded that the objecting parties in interest have shown sufficient cause for rejecting the de minimis payment plan with respect to the student loan creditors, whose claims were nondischargeable in the debtor's previous Bankruptcy Act case, it follows that the petition in this case should be dismissed.

The dismissal of this case is without prejudice to any application the debtor might subsequently make with regard to dischargeability of these obligations as an undue hardship under 20 U.S.C. § 1087–3(a).

Submit order on notice.