In re Manfred E. and Loretta GERMANN, Debtors.

Bankruptcy No. 80–30146.

United States Bankruptcy Court, S. D. New York.

Nov. 26, 1980.

Gerald A. Kagan, New York City, for debtors.

Jeffrey L. Sapir, Yonkers, N. Y., Standing Chapter 13 trustee.

MEMORANDUM OPINION ON CONFIRMATION OF CHAPTER 13 PLAN PROPOSING PAYMENT OF 2% ON UNSECURED CLAIMS

JEREMIAH E. BERK, Bankruptcy Judge.

On April 14, 1980 the debtors filed a joint petition under Chapter 13 of the Bankrupt-

cy Reform Act of 1978 ("Bankruptcy Code") Pub.L. 95–598, 92 Stat. 2549, *et seq.*, 11 U.S.C. § 101 *et seq.* After having been adjourned from time to time, the debtors' amended plan proposing a 2% payment on allowed unsecured claims came on for confirmation hearing on October 23, 1980.

## FINDINGS OF FACT

The original Chapter 13 plan filed on April 14, 1980 proposed a 1% dividend on allowed unsecured claims. Thereafter, on August 7, 1980 the debtors filed an amended budget together with an amended plan proposing a 2% dividend on allowed unsecured claims payable over a 36 month period. It is this amended plan which is before this Court for confirmation.

The husband is a civil engineer employed by the New York State Department of Transportation at a gross annual salary in excess of $16,000. The wife is unemployed. The debtors have four dependent children.

The debtors own a seven-room, one-family frame house located at Wurtsboro, New York, which they value at $30,000. This residence is subject to a first mortgage held by the First Federal Savings and Loan of Middletown, New York, with an approximate balance of $28,200. The debtors have claimed a joint homestead exemption in the sum of $6,000 pursuant to Bankruptcy Code § 522(d). The mortgage is current and the amended plan proposes to continue the regular mortgage payments of $335 a month directly to the mortgagee outside of the plan.

The original budget filed by these debtors on April 14, 1980 showed an excess of estimated future monthly income over estimated future expenses of $30.72 per month from which the debtors proposed to pay the sum of $22.50 per month for 12 months under the original Chapter 13 plan.

The amended budget filed on August 7, 1980 shows an increase in estimated monthly expenses of $100 per month (including an "emergency fund" of $50 per month) resulting in an excess of estimated future monthly income over estimated future expenses of $18.11, from which the debtors now propose to pay $16.55 per month for 36 months or 2% on allowed unsecured claims under their amended plan.

The schedules accompanying the Chapter 13 petition show a total joint unsecured indebtedness in excess of $27,000 comprised almost entirely of credit card purchases and loans. It does not appear that any of these debts would be nondischargeable under Chapter 7. The unsecured creditors would receive more under this Chapter 13 plan than they would in a straight liquidation, there being no nonexempt assets to comprise the hypothetical Chapter 7 estate under § 1325(a)(4). It further appears that the debtors will be able to make the proposed payment of $16.55 per month under the plan as required by § 1325(a)(6).

The mortgage is current and the debtors are not in immediate jeopardy of losing their home by foreclosure. The debtors stated that the purpose of filing under Chapter 13, as opposed to a straight liquidation under Chapter 7, is their desire to avoid the "stigma" they believe attendant to liquidation under Chapter 7.

## DISCUSSION

The bankruptcy courts that have considered similar *de minimis* or nominal payment plans have generally denied confirmation.[1]

---

1. See, e. g., *In re Beaver*, 2 B.R. 337, 5 B.C.D. 1285 (Bkrtcy. S.D. Cal. 1980)    1%

     *In re Campbell*, 3 B.R. 57, 5 B.C.D. 1365 (Bkrtcy. S.D. Cal. 1980)    1%

     *In re Anderson*, 3 B.R. 160, 6 B.C.D. 73 (Bkrtcy. S.D. Cal. 1980)    1%

     *In re Lucas*, 3 B.R. 252, 6 B.C.D. 82 (Bkrtcy. S.D. Cal. 1980)    1%

     *In re Bloom*, 3 B.R. 467, 6 B.C.D. 141 (Bkrtcy. C.D. Cal. 1980)    1%

     *In re Goeb*, 4 B.R. 735, 6 B.C.D. 628 (Bkrtcy. S.D. Cal. 1980)    1%

"The legislative history shows that Congress did not contemplate the use of Chapter 13 as a device for paying almost nothing to settle one's unsecured debts without the disadvantages of liquidation." *In re Hurd*, 4 B.R. 551, 6 B.C.D. 412, 416 (Bkrtcy.W.D.Mich.1980). Most courts...have reached the conclusion based on the legislative history, the generous discharge provisions and the purpose and spirit of a Chapter 13 proceeding, that substantial and meaningful payment to unsecured creditors is required for a Chapter 13 plan to be confirmed as being proposed in good faith...This Court agrees with the majority of courts and finds that for a plan to be proposed in good faith it must provide for substantial and meaningful payments to the unsecured creditors. *In re Hall*, 4 B.R. 341, 6 B.C.D. 476 (Bkrtcy.E.D.Va.1980).

We conclude that the legislature in adopting Chapter 13 of the Bankruptcy Code had in mind that Chapter 13 plans would provide for repayment of all or at least a substantial amount of the unsecured debt of the debtor. This was the essence of 'the purpose or spirit' of Chapter 13, and we believe this is what 'good faith' in a Chapter 13 plan requires ... We will observe that we expect that only seldom will we find that a proposed composition plan with so low a repayment to unsecured creditors as 10% is proposed in good faith. In our view a serious commitment to repayment of debts will have to be evidenced by a considerably higher percentage of repayment. *In re Johnson*, 5 B.R. 40, 6 B.C.D. 277, 278 (Bkrtcy.S.D. Ohio 1980).

In one of the first appellate court decisions to examine the meaning of "good faith" as a criterion of confirmation, District Judge Ingram stated in *In re Burrell*, 6 B.R. 360, 6 B.C.D. 900, 903 (Bkrtcy.D.C.N.D. Cal.1980):

... [A] Chapter 13 plan requires that substantial payments be made to unsecured creditors and that such payments form a component of the good faith element of § 1325(a)(3)...The correct approach, in this Court's view, is to treat the issues of substantiality and best effort as elements of good faith. Unless the courts have discretion to consider such factors, the danger exists that Chapter 13 plans could become shams that would emasculate the safeguards that Congress has included in Chapter 7 to prevent debtor abuse of the bankruptcy laws. The courts retain discretion to prevent such abuse, and that discretion can be exercised effectively through a meaningful interpretation of the good faith requirement of § 1325(a)(3). In each case, the bankruptcy court must consider the debtor's entire circumstances to determine whether his plan proposes to make meaningful payments to unsecured creditors. In making that determination, the courts should be mindful of the fact that the unsecured creditors must rely on

| | |
|---|---|
| *In re Schongalla*, 4 B.R. 360, 6 B.C.D. 408 (Bkrtcy. D. Md.1980) | 1.44% |
| *In re Frederickson*, 5 B.R. 199, 6 B.C.D. 665 (Bkrtcy. M.D.Fla.1980) | 1.5% |
| *In re DeSimone*, 6 B.R. 89, 6 B.C.D. 861 (Bkrtcy. S.D. N.Y.1980) | 1.5% |
| *In re Hurd*, 4 B.R. 551, 6 B.C.D. 412 (Bkrtcy. N.D. Ind.1980) | 5% |
| *In re Blackwell*, 5 B.R. 748, 3 Bankr.L.Rep. (CCH) ¶ 67,634 (Bkrtcy. W.D. Mich.1980) | 5% |

| | |
|---|---|
| *In re Hall*, 4 B.R. 341, 6 B.C.D. 476 (Bkrtcy. E.D. Va.1980) | 6% |
| *In re Howard*, 3 B.R. 75, 5 B.C.D. 1375 (Bkrtcy. S.D. Cal.1980) | 8% |
| *In re Johnson*, 5 B.R. 40, 6 B.C.D. 277 (Bkrtcy. S.D. Ohio 1980) | 10% |
| *In re Henry*, 4 B.R. 220, 3 Bankr.L.Rep. (CCH) ¶ 67,488 (Bkrtcy. M.D. Tenn.1980) | 10% |
| *In re Montano*, 4 B.R. 535, 6 B.C.D. 487 (Bkrtcy. D.D. C.1980) | 17% |

the court to given meaning to the congressional intent that they receive substantial payments.

In dismissing a Chapter 13 case proposing repayment of 1½% on scheduled unsecured claims (consisting entirely of student loans), Bankruptcy Judge Schwartzberg of this District stated in *In re DeSimone*, 6 B.R. 89, 6 B.C.D. 861, 862 (Bkrtcy.S.D.N.Y.1980), "The 1½% payments under the proposed plan are *de minimis* and insulting to the student loan creditors and are tantamount to the zero plans generally rejected by the courts."

A Chapter 13 plan which proposes to pay no more than 2% on allowed unsecured claims is likewise tantamount to a zero plan (even though such plan may be the debtors' best effort), does not provide a substantial payment on such claims, and is therefore not proposed in good faith as required by Bankruptcy Code § 1325(a)(3).

### CONCLUSION OF LAW

Confirmation of the debtors' amended plan proposing a payment of 2% on allowed unsecured claims is denied. The Confirmation Hearing is adjourned to January 7, 1981, at 1:30 P.M., at which time this Court will consider further modifications to the plan and whether the case should be converted to Chapter 7 or dismissed.

It is SO ORDERED.