In re Eugene GAYTON and Carolyn
Walker Gayton, Debtors.

Eugene GAYTON and Carolyn Walker
Gayton, Appellants,

v.

Shannon HANEY, Chapter 13
trustee, Appellee.

BAP No. CC–85–1348–VAbM.

Bankruptcy No. SB 85–02297–DN.

United States Bankruptcy Appellate
Panels, of the Ninth Circuit.

Argued and Submitted March 19, 1986.

Decided May 6, 1986.

Douglas Booth, Los Angeles, Cal., for appellants.

Shannon Haney, Santa Ana, Cal., for appellee.

Before VOLINN, ABRAHAMS and MEYERS, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

The debtors, Eugene and Carolyn Gayton, appeal the bankruptcy court's dismissal of their Chapter 13 case.[1]

The sole issue on appeal is whether the bankruptcy court erred by holding that Eugene Gayton's prior Chapter 7 bankruptcy, which resulted in a discharge in a case commenced within six years before the date of the filing of the petition, prevented confirmation of the 31 percent Chapter 13 plan proposed by the debtors, and rendered their Chapter 13 petition to be a bad faith filing.

### I.

On April 20, 1981, Eugene Gayton filed a Chapter 7 bankruptcy petition. His present attorney contends that Gayton filed the petition on the advice of a "bankruptcy paper mill" to discharge the debt of a single creditor, a car dealership. His attorney also contends that although Gay-

---

1. Although the BAP docket sheet identifies the appellee as the Chapter 13 trustee, Shannon Haney, she has made no appearance on appeal.

ton received a discharge, he later repaid the debt in full.

On June 11, 1985, Eugene and Carolyn Gayton filed a Chapter 13 bankruptcy petition. The Gaytons scheduled $118,171 of secured, and $3,503 of unsecured, debts. The husband's prior Chapter 7 bankruptcy was disclosed to the court.

The Gaytons' combined monthly take-home pay and other income amounts to $2,457. They proposed a Chapter 13 plan requiring payments of $411.91 per month for 60 months. The plan would have enabled them to cure the default to the secured creditor on their home, and pay off their unsecured creditors at a rate of 31 percent.

On August 28, 1985, the bankruptcy court denied confirmation and dismissed the case, ruling that absent a 100 percent plan, the filing within six years of a prior discharge, or a case resulting in a discharge, is a bad faith filing.

The order of dismissal was entered September 4, 1985, and notice of appeal was timely filed.

## II.

### A.

The Gaytons contend that the six-year bar to granting a discharge contained in 11 U.S.C. § 727(a)(8) does not apply to a petition filed under Chapter 13. They rely upon 11 U.S.C. § 103(b), which limits the applicability of § 727 to cases under Chapter 7.

Code Section 727(a)(8) provides:

(a) The court shall grant the debtor a discharge, unless—

.    .    .    .    .

(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition;

Code Section 103(b) provides:

Subchapters I and II of chapter 7 of this title *apply only in a case under such chapter.*

(Emphasis added.) Section 727 is part of Subchapter II of Chapter 7.

A recent Eighth Circuit opinion is based upon similar facts. In *In re Baker,* 736 F.2d 481 (8th Cir.1984), the bankruptcy court refused to confirm a Chapter 13 plan and summarily dismissed the case solely because the debtor had, within six years prior to filing for Chapter 13, obtained a discharge under the Bankruptcy Act. The Eighth Circuit reversed and remanded, stating:

We hold that a previous discharge in bankruptcy within six years of filing for Chapter 13 relief does not by itself automatically bar relief under Chapter 13 ...

We observe initially that, though the Bankruptcy Reform Act bars *Chapter 7* relief within six years after a discharge under Chapters 7, 11, or, in some circumstances, 13, it contains no comparable bar to *Chapter 13* relief within six years after a previous discharge under either Chapter 7 or Chapter 13. *See* 11 U.S.C. §§ 727(a)(8) and (9) and 103(b) ...

*Id.* at 482 (italics are the Court's).

Other cases to the same effect are *In re Hurd,* 4 B.R. 551 (Bankr.W.D.Mich.1980); *In re Pearson,* 4 B.R. 376 (Bankr.N.D.Ohio 1980); *In re Ciotta,* 4 B.R. 253 (Bankr.E.D. N.Y.1980); and *In re Bonder,* 3 B.R. 623 (Bankr.E.D.N.Y.1980).

■ Based on Code Section 103(b) and the foregoing authorities, confirmation should not have been denied for the sole reason that the Chapter 13 plan followed a discharge under Chapter 7 within six years.

### B.

■ The Gaytons also contend that they proposed their 31 percent plan in good faith, but the bankruptcy court found the plan was submitted in bad faith without conducting the inquiry required by *In re Goeb,* 675 F.2d 1386 (9th Cir.1982). As evidence of their good faith, they argue that Eugene Gayton received "no benefits" from his prior Chapter 7 discharge because he repaid his only creditor in full.

One of the requirements for confirmation of a Chapter 13 plan is that "the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). Neither the statute nor its legislative history defines good faith. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 412, 430 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 126, 142 (1978) U.S.Code Cong. & Admin.News 1978, p. 5787.

The Ninth Circuit has stated that the good faith requirement under Chapter 13 must be determined on a case-by-case basis:

> ... we believe that the proper inquiry is whether the [debtors] acted equitably in proposing their Chapter 13 plan. A bankruptcy court must inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 plan in an inequitable manner. Though it may consider the substantiality of the proposed repayment, the court must make its good-faith determination in the light of *all* militating factors.

> We do not attempt at this time to compile a complete list of relevant considerations. Rather, bankruptcy courts should determine a debtor's good faith on a case-by-case basis, taking into account the particular features of each Chapter 13 plan.

*In re Goeb*, 675 F.2d at 1390 (italics are the Court's). *Accord In re Chinichian*, 784 F.2d 1440, 1444–45 (9th Cir.1986).

More recently, the Ninth Circuit has also stated that a good faith test "should examine the intentions of the debtor and the legal effect of the confirmation of a Chapter 13 plan in light of the spirit and purposes of Chapter 13." *In re Chinichian, supra*, at 1444.

Although it is not clear from the record whether counsel cited *Goeb* to the bankruptcy court, it is clear that the bankruptcy court did not engage in the required inquiry as to lack of good faith.

III.

We hold that a previous discharge in bankruptcy under Chapter 7 within six years of a Chapter 13 petition does not automatically bar Chapter 13 relief or constitute a bad faith filing *per se*, even if the proposed Chapter 13 plan is less than 100 percent. The order of dismissal is REVERSED and REMANDED for the bankruptcy court to ascertain whether the plan was proposed in good faith by engaging in the type of inquiry required by *Goeb*.