**In re Mohammad SOBH, Debtor.**

**Mohammad SOBH, Plaintiff-Appellee,**

**v.**

**EMPIRE OF AMERICA, a Federal Saving Bank, University of Detroit, a non-profit corporation, Defendants,**

**and**

**State of Michigan, Department of Education, Defendant-Appellant.**

No. 86–CV–70534–DT.

Bankruptcy No. 85–01364–R.

Adv. No. 85–0922–R.

United States District Court, E.D. Michigan, S.D.

June 11, 1986.

with Section 363(c)(2)."

Jay Kalish, Southfield, Mich., for plaintiff-appellee.

David Foust, Asst. Atty. Gen., Detroit, Mich., for State.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is an appeal by the State of Michigan, Department of Education (the State) from a judgment of the bankruptcy court (Rhodes, J.). The debtor sought to discharge a student loan. Because the loan has been due less than five years, it is not dischargeable, 11 U.S.C. § 523(a)(8)(A), unless the debtor can show "undue hardship," 11 U.S.C. § 523(a)(8)(B). Upon trial, the bankruptcy court determined that the debtor had not shown his difficult situation "is likely to persist for a significant portion of the repayment period of the student loan." The bankruptcy court then denied discharge but "without prejudice to [the debtor's] rights to file a second complaint to determine the dischargeability of th[e] indebtedness."

The State[1] moved the bankruptcy court to amend the judgment to be with prejudice.[2] The State contends that the judgment is res judicata and the debtor should

---

1. Although the record is not clear, it appears that the debtor received three student loans: one from the University of Detroit, and two from Empire of America, each guaranteed by the State of Michigan. The University of Detroit and Empire of America defaulted and judgment was entered against them on November 13, 1985, thereby discharging the debtor's obligation to them.

2. The bankruptcy court rendered its decision as to nondischargeability on November 20, 1985. The State moved to amend the decision on December 12, 1985. The motion was denied and judgment was formally entered on January 29, 1986.

not be given a second chance to obtain a discharge. The bankruptcy court denied the motion to amend and entered judgment as indicated above. The State appeals.

For the reasons stated below, the State's motion to amend is DENIED, and this appeal is DISMISSED.

## II.

## A.

## 1.

■ The State argues that the bankruptcy court's denial of discharge should act as res judicata, barring the debtor from seeking redetermination of dischargeability until he files a new petition in bankruptcy. To the extent the bankruptcy court's order may be interpreted as allowing the debtor to file a new complaint based on the same circumstances supporting the prior determination, the State is correct: that is exactly what "without prejudice" means. *See Black's Law Dictionary* 1437 (rev. 5th ed. 1979).

However, I do not interpret the bankruptcy court's order as allowing the debtor to seek a redetermination under the same facts. The bankruptcy court, as I read its decision, simply determined that the debtor had not yet demonstrated he fell within the Bankruptcy Code's "undue hardship" exception to non-dischargeability, although he may be able to satisfy this requirement in the future. Any new complaint filed by the debtor must necessarily be based on new facts. Such a complaint would not fall within general principles of res judicata proscribing subsequent claims. "An adjudication [under the Bankruptcy Act or Code] ... is ... res judicata between the actual parties to the proceeding to *all the facts* and subsidiary questions of law *on which it is based.*" *In Re Mason,* 709 F.2d 1313 (9th Cir.1983) (voluntary bankruptcy case) (emphasis added), citing *Gratiot County State Bank v. Johnson,* 249 U.S. 246, 248, 39 S.Ct. 263, 263, 63 L.Ed. 587 (1919), and L. King, 2 *Collier on Bankruptcy* ¶ 301.07–08 (15th ed. 1983). A future complaint based on a new set of facts

going toward the "undue hardship" exception simply would not be barred by res judicata principles.

## 2.

Nothing in the Code, the bankruptcy rules, or judicial principles of res judicata justify a flat prohibition at this juncture against the debtor filing a new complaint in the future. The Restatement of Judgments (2d), § 20(1) provides:

A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim:

. . . . .

(c) When by statute or rule of court the judgment does not operate as a bar to another action on the same claim, or does not so operate unless the court specifies, and no such specification is made.

Comment d to the section points out:

While there instances in which a court may have discretion to determine that a judgment of dismissal shall operate as a bar ..., a judgment may not have an effect contrary to that prescribed by the statutes, rules of court, or other rules of law operative in the jurisdiction in which the judgment is rendered.

Here, there are relevant statutory provisions and rules that allow the debtor to petition to reopen the bankruptcy court's determination even if judicial principles of res judicata otherwise preclude such action.

Section 350(b) of Title 11 provides that "[a] case may be reopened in the court in which such case was closed to ... accord relief to the debtor, or for cause." Bankruptcy Rule 5010 thus provides that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Although not relying on Rule 5010, the bankruptcy court cited Rule 4007(b), which governs the time for reopening a case and provides that (except for situations not relevant here) a case may be reopened at any time.

■ Despite the State's argument to the contrary at oral argument on the appeal, there is ample authority both in the plain language of Rule 5010 itself and secondary sources that the debtor himself may reopen his case. *See* B. Weintraub & A. Resnick, *Bankruptcy Law Manual* ¶ 3.10, at 3–58 & nn. 9–11 (rev. ed. 1986); 3 *Collier on Bankruptcy, supra,* at ¶ 350.03, p. 350–6 & n. 4; *id.* at ¶ 350.03[2], p. 350–12.

Section 350(b) of the Code "gives the court the power to reopen a case when such action is deemed necessary by the court in the interest of fairness." *Id.,* at ¶ 350.01, p. 350–1. A case may be reopened despite a previous denial of discharge. *Id.,* p. 350–8.

### B.

#### 1.

Only three cases have discussed the "undue hardship" provision of the Code and denied discharge of student loans without prejudice to a future redetermination upon a change of circumstances. In its decision, the bankruptcy court relied on these cases. *In Re Andrews,* 661 F.2d 702 (8th Cir. 1981); *In Re Brunner,* 46 B.R. 752 (S.D.N.Y.1985); *In Re Pierre,* 12 B.R. 693 (Bankr. S.D.Fla.1981). In each case, the court concluded that the debtor had not demonstrated "undue hardship" but recognized that the debtor might be able to do so in the future should conditions worsen. Each court acknowledged its inability to predict the future and thus did not foreclose redetermination should new conditions thrust the debtor within the "undue hardship" exception.

The State argues that *In Re Pierre* was wrongly decided, and *In Re Andrews* and *In Re Brunner,* which each cite the case preceding it, blindly followed the false lead of *In Re Pierre.* This argument is wrong. The decision to deny the discharge "without prejudice" in *In Re Pierre* was based on former Bankruptcy Rule 409(a)(1), which is virtually identical to Rule 4007(b). Because of my conclusion that Rule 4007(b) does not preclude the debtor from reopening a denial of discharge under new circumstances, I conclude that *In Re Pierre* and the other cases relying on it were rightly decided.

The State relies on *In Re Payton,* 5 B.C.D. 402 (Bankr.E.D.Pa.1979), in which the court noted that general principles of res judicata apply to attempts by student debtors to obtain discharge of their loan obligations. It is not apparent from the opinion what the debtor sought to relitigate—the court does not mention the "undue hardship" exception. It may be that the debtor sought relitigation simply under the same circumstances as existed during the prior two determinations against her, rather than new circumstances showing "undue hardship" for the first time. Because the *Payton* court did not address the issue *sub judice,* its decision is of no help. Several other cases cited by the State simply discuss the judicial doctrine of res judicata, and are not apposite here for the reasons stated above. Other cases cited by the State are irrelevant because they either involved discharges or, where discharge was denied, the court did not discuss the statutory provision allowing reopening.

#### 2.

The State points out that 11 U.S.C. § 523(b) allows redetermination of a denial of discharge in a new "case," which means a new petition. Thus, the State argues that the debtor may not obtain a redetermination by filing a new complaint under the initial bankruptcy petition, but must instead wait until he may file a new petition in bankruptcy.

■ This argument is also wrong. While § 523(b) allows for a redetermination of discharge in a subsequent petition for bankruptcy (so long as the discharge otherwise meets the requirements for discharge under § 523(a)), it does not foreclose redeterminations under the same petition. Code § 350(b) explicitly provides to the contrary.

Second, the possibility of a change in circumstances within the period before a

second petition for bankruptcy may be filed was one of the reasons Congress redrafted the Bankruptcy Act of 1898. Although the legislative record is almost devoid of guidance as to the "undue hardship" exception, *see Andrews* and *Brunner, supra,* a Senate Report on the Bankruptcy Reform Act sheds some light on Congress's concern. In S.Rep. No. 95–989, 95th Cong., 2nd Sess. (1978), *reprinted in* [1978] U.S.Code & Ad. News 5787, the Senate Judiciary Committee notes that one of the problems with old chapter 13, under which discharges from student loans could be granted, *see In Re DeSimone,* 6 B.R. 89 (Bankr.S.D.N.Y. 1980), was that three years had to elapse before the court could grant a hardship discharge. *Id.* at 5799. This suggests Congress's concern that hardship determinations should not have to await arbitrary time limits laid down elsewhere in the bankruptcy laws. Even under old chapter 13, at least one court also denied discharge of a student loan without prejudice to a redetermination under the "undue hardship" exception. *In Re DeSimone, supra.*

### III.

The State has cited no relevant law that would preclude the debtor from refiling should his circumstances change sufficiently to bring his situation within the "undue hardship" exception. Whether the debtor will be allowed to reopen is a matter for decision by the bankruptcy court *at such time as the debtor moves to reopen his case* under the circumstances then existing and not sooner. Thus, it is really irrelevant whether the bankruptcy court's order denied the discharge "without prejudice." The bankruptcy court must consider the requirements of Code § 350(b) in passing upon such a motion in the future, and a denial with prejudice before that time would have been wrong for the reason that it would have been made without knowledge of the facts as they may subsequently develop.

SO ORDERED.