In re: Stanley James TERRILL and Billie Jean Terrill, Debtors.

Bankruptcy No. 86–82387.

United States Bankruptcy Court, C.D. Illinois.

Jan. 5, 1987.

Ray Choudhry, Moline, Ill., for debtors.

Richard Bowers, Rock Island, Ill., Trustee.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Approximately four years ago, the Debtors filed a Chapter 7 proceeding and obtained a discharge in bankruptcy. They have now filed a Chapter 13 proceeding, and their plan proposes to pay 100% to certain secured creditors and 0% to all their unsecured creditors. Because of their previous Chapter 7 discharge within a six year period, Section 727 of the Bankruptcy Code would prevent a discharge in a subsequent Chapter 7 proceeding, however, the Debtors could obtain a discharge from their obligations if their Chapter 13 plan was confirmed. *In re Ciotta*, 4 B.R. 253, 6 Bkrtcy.Ct.Dec. 346 (Bkrtcy.E.D.N.Y.1980); *In re Desimone*, 6 B.R. 89, 2 C.B.C.2d 1060 (Bkrtcy.1980). No objection to confirmation of the plan was filed. The Court on its own initiative questioned whether the plan should be confirmed.

This Court has previously held that zero percent plans, when proposed in good faith, can be confirmed. *In re Gary D. Frank and Mary F. Frank*, 69 B.R. 129 (Bkrtcy.C. D.Ill.1986). The issue in this case is whether the Debtors' plan has been filed in good faith.

In determining whether a plan has been filed in good faith, the courts examine all the circumstances to determine "whether or not there has been an abuse of a provision, purpose, or spirit of Chapter 13". *In re Landis*, 29 B.R. 235, 8 C.B.C.2d, 494 (Bkrtcy.1983). Specifically, the courts have looked to whether the debtor's plan exhibits a fundamental fairness in dealing with his creditors, *In re Rimgale*, 669 F.2d 426, 5 C.B.C.2d 1281 (7th Cir.1982), whether the debtor's plan manipulates the Bankruptcy Code, *In re Goeb*, 675 F.2d 1386, 6 C.B. C.2d, 1208 (9th Cir.1982), the debtor's history of bankruptcy filing, *In re Deans*, 692 F.2d 968, 7 C.B.C.2d 288 (4th Cir.1982), including debtor's frequency in seeking bankruptcy relief. *In re Landis, supra.*

In the case before this Court, Section 727 prevents the Debtors from receiving a discharge in a Chapter 7 proceeding. The Debtors seek to circumvent the clear intent of Congress by filing a Chapter 13 proceeding and proposing a zero percent plan for unsecured creditors. This Court construes this action to be a manipulation of the

Bankruptcy Code which leads to a result not intended by Congress. Therefore, this Court finds that the plan is filed in bad faith and should not be confirmed.

IT IS, THEREFORE, ORDERED that the Debtors shall have twenty-one (21) days within which to amend their plan, and failing to do so, this proceeding shall be DISMISSED.