In re Gary K. SCHMICK, f/d/b/a River City Pizza, and Sondra S. Schmick, Debtors.

**Bankruptcy No. 88–80345.**

United States Bankruptcy Court, C.D. Illinois.

July 7, 1988.

**56**

James S. Brannon, Peoria, Ill., for debtors.

Charles E. Covey, Peoria, Ill., for May Dept. Stores, Inc.

Randall Moon, Asst. U.S. Trustee, Peoria, Ill.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The debtors previously filed a Chapter 7 proceeding and received a discharge from all their dischargeable debts. The debtors then filed a Chapter 13 proceeding, proposing to pay their unsecured creditors 4%. A creditor, May Department Stores, Inc., filed an objection to the confirmation on the grounds the Chapter 13 proceeding was not filed in good faith in that the debtors had received a discharge within three years of their Chapter 13 proceeding, and now only proposed to pay unsecured creditors 4%. In a previous Opinion and Order, this Court denied confirmation, holding the debtors' minimal payment plan was, in effect, an attempt to obtain a second Chapter 7 discharge within six years, and given the prohibition of Section 727(a)(8), the debtors' plan did not constitute a fundamental fairness towards creditors, but an abuse of the system not intended by Congress.

The debtors then amended their Chapter 13 plan to provide a 10.75% payment to unsecured creditors, and the same creditor filed the same objection, contending that the increased percentage still was not sufficient. At the hearing on the amended plan, the debtors asked the Court to rule not only for the purpose of this particular case, but to provide guidelines which could be followed in future cases of this nature.

In this Court's previous Opinion and Order it referred to its Opinion in *In re Frank*, 69 B.R. 129 (Bkrtcy.C.D.Ill.1986), wherein this Court set forth its position on zero percent or minimal payment Chapter 13 plans, and the various factors courts have utilized in determining if a Chapter 13 proceeding is filed in good faith. In its previous Opinion and Order, this Court went on to examine four of those factors and came to the conclusion the debtors' Chapter 13 plan had not been filed in good faith. Except for the percentage being paid to unsecured creditors, the facts have not changed, and those factors are still applicable. Therefore, this Court again concludes the plan should not be confirmed because the proposed payment of 10.75% is insufficient. In a case such as this, for a Chapter 13 plan to be confirmed, the debtors should pay their unsecured creditors at least 50% or more of their allowed claims. *See In re Baker*, 736 F.2d 481 (8th Cir. 1984).

By this subsequent Opinion and Order this Court is not intending to establish a minimum percentage that has to be paid unsecured creditors in all Chapter 13 cases where an issue of this nature could arise. As is pointed out by the court in *In re Baker, supra*, whether a discharge under Chapter 7 within a previous six year period precludes a debtor from having a plan confirmed under Chapter 13 is a question to be determined by the bankruptcy court on a case by case basis. The facts of each future case will determine if the required percentage should be less or more than the percentage required in this case.[1]

---

**1.** However, reference is made to this Court's previous Opinion in *In re Terrill*, 68 B.R. 441