**In re Richard Gary FREDRICKSON, Debtor.**

**Bankruptcy No. 80–164–ORL–BK.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

July 8, 1980.

Robert H. Roth, Orlando, Fla., for debtor.

Richard Palmer, trustee.

Charles L. Steinberg, Robert Mellen, III, Orlando, Fla., James L. Fly, Winter Park, Fla., Howard A. Speigel, Rulon D. Munns, Orlando, Fla., creditors.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

GEORGE L. PROCTOR, Bankruptcy Judge.

Debtor filed a Chapter 13 proceeding and proposed a plan. A confirmation hearing was held, at which a number of objections to confirmation filed by creditors was also heard. Upon those objections and the Court's own analysis of the plan and its underlying debts, the Court, pursuant to 11 U.S.C. § 1307(c)(4) dismisses this case.

Debtor has submitted a budget which indicates that he has $250 per month left after meeting his living expenses; this entire amount he proposes to pay to the Trustee under the plan. After payment of the Trustee's commission, $175 per month would go to the secured creditors and $50 to the unsecured creditors.

There are eleven secured creditors who are owed a total of $26,147. The collateral for nine of these debts are diamonds or other precious stones. One holds a security interest in silverware and another in camera and stereo equipment. The plan calls for a cram-down of all the secured creditors by payments with a present value of $4,598.

The unsecured debt, including deficiencies from the secured creditors would exceed $100,000.

The creditors have objected on a number of grounds. One of these is feasibility. Creditor argues, based on his 205A examination of the debtor, that the debtor's employment is seasonal and that he would not be able to make the regular monthly payments called for by the plan.

Another ground for objection is that the plan was not proposed in good faith. Creditors strenuously argue that were this plan confirmed the debtor would be able to keep large amounts of jewelry and other luxury items and make only token payments to the creditors holding security interests in those items. For example, a diamond ring purchased twenty days prior to the petition for $712 would be "redeemed" through the plan for $52.51. Similarly, the plan values an emerald purchased three months ago for $3,678, on which the debtor has made no payments at $250.

The third ground of objection is that this plan does not meet the best interest test of Section 1325(a)(4). The debtor's schedules lists over forty unsecured debts for which the consideration was the purchase of merchandise. These debts total over $80,000. Yet, the schedules show but $3,200 worth of property owned by the debtor. The objecting creditors imply that whatever was purchased at these stores presumably would be sold by a Chapter 7 Trustee to help pay the debts. The debtor is not entitled to any exemptions under Florida law.

More significant than the legal grounds already discussed is the larger picture that this plan silhouettes. What we have here is a shipping employee with over fifty credit cards and payment plans. He had five Master Charge and four VISA cards. His

list of unsecured creditors reads like a compendium of the finest and most exclusive stores in the country. One bank notes that in the two months prior to the petition the debtor charged over $7,800 in merchandise on the two credit cards it had issued. Another bank comes forward with a similar story, adding that all the charges made once the credit limit was exceeded were for purchases of less than $50, the amount at which a merchant customarily calls for credit approval. Although there has been no judicial determination of the dischargeability of any of these debts, the Court cannot be blind to the possibility that under Chapter 7 at least some of these debts would be excepted from discharge.

There is a consensus developing among the Bankruptcy Courts that a confirmed Chapter 13 plan should provide meaningful payments to the unsecured creditors. *See In re Hurd,* 4 B.R. 551, 6 B.C.D. 412 (Bkrtcy. W.D. Mich. 1980) (reviewing Ch. 13 "good faith" cases to date). Payments of $50 per month applied against $100,000 of debts of the type described can hardly be called meaningful.[1] Further, were any of the secured creditors successful in contesting the debtor's valuation of the collateral, the resulting increase in the monthly payment to that secured creditor would come at the expense of the unsecured creditors. Even if the debtor were to return all the collateral and commit the $250 a month for the maximum period of five years, something which he has not proposed to do, the sum would not even cover the interest, much less comprise the significant payment that the good faith requirement would here demand.[2]

Section 1307(c)(4) of the Bankruptcy Code permits the Court to convert or dismiss a Chapter 13 petition based on the denial of confirmation of a plan and a denial of additional time for filing another plan. Based on the schedules filed and the objections filed by the creditors, the Court is convinced that the debtor would be unable to propose a plan that could be confirmed and that further delay would be against the best interests of the creditors. Wherefore, it is ORDERED as follows:

1. This case is dismissed;

2. The automatic stay imposed by 11 U.S.C. §§ 362 and 1307 is lifted.

---

1. Using a 10% discount rate, the present value of a stream of $50 monthly payments, lasting 3 yrs. is $1,549, or approximately a 1.5% dividend.

2. The court does not here suggest that unsecured creditors are entitled to interest on their claims; however, using the 10% discount rate, a hypothetical $250/month, 5 year plan would provide a dividend of but 11.7%.