In re Larry O. FLUHARTY, Debtor.

Larry O. FLUHARTY, Plaintiff,

v.

Judith FLUHARTY, Carol Miller, Susan L. Schlagel, John L. Wolfe, Defendants.

Bankruptcy No. 579–1025.
Adv. No. 579–0014.

United States Bankruptcy Court, N. D. Ohio.

Dec. 10, 1980.

Richard French, Asst. U. S. Atty., Cleveland, Ohio, for the United States.

John L. Wolfe, Akron, Ohio, for defendants.

Kathryn Belfance, Akron, Ohio, for debtor.

Jerome Holub, Akron, Ohio, Chapter 13 Trustee.

H. F. WHITE, Bankruptcy Judge.

A voluntary petition and plan under Chapter 13 of the Bankruptcy Code were filed by Larry O. Fluharty, hereinafter referred to as Debtor, on November 20, 1979. An amended Chapter 13 plan was filed by the Debtor on March 17, 1980.

An objection to the confirmation of the Debtor's plan was filed by Judith A. Fluharty, Susanne L. Schlagel, Carol Miller, and John L. Wolfe, hereinafter referred to as Creditors, on December 25, 1979. Said Creditors objected to confirmation on the following grounds: (1) The value of the property to be distributed under the plan is less than the amount which would be paid on such claims if the estate were liquidated under chapter 7; (2) The plan is not proposed in good faith; and (3) The discharge provisions of chapter 13, 11 U.S.C. § 1328(a), denies said Creditors the equal protection of the law, deprives them of their property rights without due process of law, and violates Article I, Section 8 of the

Constitution of the United States, which provides that "uniform laws" shall be enacted with respect to bankruptcy.

A complaint to avoid the Creditors' judicial liens against the real estate of the Debtor was filed by the Debtor, pursuant to 11 U.S.C. § 522(f)(1), on December 28, 1979.

An answer to said complaint to avoid liens was filed by the Creditors on January 14, 1980. Creditors contended that an application of 11 U.S.C. § 522(f)(1) to their judicial liens would amount to retroactive legislation depriving them of their property rights contrary to the due process clause.

The following facts bring the issues into focus.

## FINDING OF FACTS

1. The Debtor is divorced and has custody of his two sons.

2. A divorce was granted to the Debtor and his ex–wife, Judith A. Fluharty, on June 12, 1978.

3. Sometime after the divorce was granted and Debtor was awarded custody of the children, an action for wiretapping was filed in the United States District Court against the Debtor by his ex–wife and the other above–named creditors. The action for wiretapping arose out of the aforesaid domestic matters, and resulted in a judgment being rendered against Debtor on July 5, 1979.

4. On August 13, 1979, said judgment against Debtor was certified and became a lien against the real estate owned by the Debtor.

5. The Debtor's residence real estate is encumbered by the following mortgages;

| | | |
|---|---|---|
| First National Bank – First Mortgage | – | $12,619.00 |
| Judith A. Fluharty – Second Mortgage Per Judgment Entry of Divorce; Sum is not due and payable until (a) remarriage of debtor, (b) sale of residence, or (c) youngest child has attained 18 years of age. (This note has been assigned to Attorney John Wolfe). | – | $ 3,500.00 |
| National City Bank – Third Mortgage | – | $ 4,700.00 |
| Total _____ | | $20,819.00 |

6. The debtor's residence real estate is further encumbered by the aforesaid judgment liens as follows:

| | |
|---|---|
| Judith A. Fluharty | $20,500.00 |
| John Wolfe | 1,000.00 |
| Susanne Schlagel | 1,300.00 |
| Carol Miller | 1,300.00 |

7. After hearing the testimony of two appraisers, the court found the fair market value of Debtor's residence real estate to be $20,000.00.

8. The other assets of the Debtor consist of the following exempt personal property; a 1974 Matador, a 1971 Ambassador (inoperable), household goods, and clothing.

9. Debtor, in his amended Chapter 13 plan, proposes to pay his mortgage lienors as follows:

First National Bank–first mortgage to be paid outside the plan.

Judith Fluharty–second mortgage not yet due and payable and therefore not included in plan.

National City Bank–third mortgage shall be paid $100.00 each month for 36 months.

The plan of the Debtor further provides that the mortgage lienors shall retain their security interests in the real estate.

10. Debtor, in his amended Chapter 13 plan, proposes to pay his unsecured and under–secured creditors 5.3 percent of their claims over three years.

## ISSUES

1. May Debtor avoid Creditors' judicial liens against his real estate pursuant to 11 U.S.C. § 522(f)(1)?

2. Does Debtor's proposed Chapter 13 plan meet the "best interest of creditors" test of 11 U.S.C. § 1325(a)(4)?

3. Was Debtor's Chapter 13 plan proposed in good faith?

4. Does 11 U.S.C. § 1328(a), the discharge provision of Chapter 13, deny Creditors equal protection, deprive them of their property rights without due process of law and violate the constitutional requirement of "uniform laws" on the subject of bankruptcies?

## DISCUSSION OF LAW

### ISSUE I

█ Pursuant to 11 U.S.C. § 522(f)(1)[1], a debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of such lien. A "judicial lien" is defined by the Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). Thus, the judgment liens held by Creditors meet the Code definition of judicial lien.

Creditors' judgment liens are held against the residence real estate of Debtor. The homestead exemption to which debtors domiciled in Ohio are entitled to is set forth in Ohio Rev. Code § 2329.66(A)(1). Specifically, Ohio Rev. Code § 2329.66(A)(1) provides that a debtor is entitled to exempt his/her interest, "not to exceed five thousand dollars in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence."

Debtor claimed his real estate at 491 Orlando Avenue, Akron, Ohio exempt in the amount of $5,000.00. The real estate at 491 Orlando Avenue is used as a residence by Debtor and by Debtor's two sons. Thus, Debtor is entitled to a $5,000.00 homestead exemption.

The problem with Debtor's attempt to utilize 11 U.S.C. § 522(f)(1) to avoid Creditors' judicial liens against his homestead is that the judicial liens may only be avoided to the extent that the property could have been exempted in the absence of such liens. The mortgages against Debtor's real estate amount to $20,819.00. Debtor stated the fair market value of the real estate to be $24,500.00 in his schedule of real property. However, the court, after hearing the testimony of two appraisers, found the fair market value to be $20,000.00. Thus, Debtor has no equity in the real estate.

Having decided that Debtor has no equity in the real estate, 11 U.S.C. § 522(f) is a moot issue and therefore it is not necessary to decide whether the application of 11 U.S.C. § 522(f)(1) to Creditors' judicial liens would amount to retroactive legislation depriving them of their property rights contrary to the due process clause.

This court finds that Creditors' claims are unsecured claims by virtue of 11 U.S.C. § 506(a). Section 506(a) of the Bankruptcy Code deals with determination of secured status. Specifically, 11 U.S.C. § 506(a) provides, in pertinent part, that:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . ., is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . ., and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

Here, Creditors' claims are secured by liens on Debtor's residence real estate. This court has determined the fair market value of Debtor's residence to be $20,000.00. Debtor's residence is encumbered by three mortgages totalling $20,819.00. Said mortgages were recorded prior to the filing of Creditors' judgment liens. Creditors' judgment liens total $24,100.00.

A creditor's claim is a secured claim to the extent of the value of the creditor's collateral and is an unsecured claim for the balance. Here, Creditors' collateral has a value of $20,000.00. However, three mortgages, which have priority over Creditors' judicial liens, consume the entire $20,000.00 value of Creditors' Collateral. Thus, once the mortgages are satisfied, the collateral has no value to Creditors and therefore Creditors' claims are totally unsecured.

Debtor proposes a 5.3 percent payment of unsecured claims in his Chapter 13 plan. If this court finds that Debtor's proposed plan meets the six criteria for confirmation un-

---

1. 11 U.S.C. § 522(f)(1) provides that: "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–

    (1) a judicial lien;"

der 11 U.S.C. § 1325, Debtor's plan will be confirmed.

11 U.S.C. § 1327(b) vests all property of the estate in the debtor at confirmation unless the plan or the order confirming the plan provide otherwise. 11 U.S.C. § 1327(c) deems all property vesting in debtor at confirmation by virtue of § 1327(b) "free and clear of any claim or interest of any creditor provided for by the plan," except as otherwise provided in the plan or the order confirming the plan.

Debtor's plan provides that the mortgage lienors shall retain their security interests in the Debtor's real estate. Debtor's plan does not provide for the retention of judgment liens by Creditors. Thus, pursuant to 11 U.S.C. § 1327(b) and (c), upon confirmation, the residence real estate of the Debtor vests in the Debtor free and clear of Creditors' liens.

### ISSUE II

Creditors object to the confirmation of Debtor's Chapter 13 plan on the ground that the plan does not meet the "best interests of creditors" requirement of 11 U.S.C. § 1325(a)(4). Specifically, 11 U.S.C. § 1325(a)(4) provides:

(a) The court shall confirm a plan if—
   (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of an allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

To apply the best interest of creditors test, the Court must ascribe a liquidation value to all non–exempt property of the estate, as that term is defined under Section 541, at or about the time of the confirmation hearing, less all allowable Chapter 7 administrative expenses. 5 *Collier on Bankruptcy* § 1325.01 [2], [D], [b] [iv] (15th ed. 1980). Here, the property of the estate consists of Debtor's residence real estate, which is fully mortgaged, and personal property which has been claimed as exempt by Debtor. There have been no objections filed to Debtor's list of exemptions and

therefore, under Rule 403(e) of the Bankruptcy Rules of Procedure, the property claimed as exempt on such list is exempt. Therefore, there is no property of the estate that is nonexempt to which the Court may ascribe a liquidation value in applying the best interests of creditors test.

Creditors contend that the plan is not in the best interest of creditors inasmuch as there is a possible claim against Debtor's former attorney for malpractice, which claim could be pursued by the trustee under Chapter 7 and could perhaps result in the recovery of a substantial sum for the benefit of the unsecured and under–secured creditors.

Causes of action belonging to the Debtor at the time the case is commenced are included in the estate created pursuant to 11 U.S.C. § 541(a). The debtor's interests in any such causes of action are included within the broad scope of the provision of 11 U.S.C. § 541(a) that the estate includes "all legal or equitable interests of the debtor in property." 4 *Collier on Bankruptcy* § 541.-10 [1], at 58 (15th ed. 1980).

However, as in the case of other assets of the debtor, the trustee is not bound to accept a burdensome right of action and pursue it to a litigious but unprofitable conclusion. Creditors have presented no evidence to the court to support their contention that Debtor has a cause of action for malpractice. Creditors claim there is a *possible* cause of action which *could perhaps* result in recovery of substantial sum for the benefit of unsecured creditors. (emphasis added.)

To justify the incurrence of expense on part of the trustee in pursuing a cause of action, a sufficient prospect of recovery must exist. Here, due to the lack of proof of malpractice, a sufficient prospect of recovery by the trustee does not exist. The courts have always recognized that a trustee is under no duty to retain the title to a piece of property or a course of action that is so heavily encumbered, or so costly in preserving or securing, that it does not promise any benefit to the funds available

for distribution. 4A *Collier on Bankruptcy* § 70.42 [1] at 501 (14th ed. 1976).

Therefore, it is the conclusion of this court that Debtor's Chapter 13 plan does meet the "best interest of creditors" test under 11 U.S.C. § 1325(a)(4).

## ISSUE III

Creditors further object to the confirmation of Debtor's Chapter 13 plan on the ground that the plan is not proposed in good faith as required under 11 U.S.C. § 1325(a)(3).[2] Creditors claim the plan was not proposed in good faith since it provides for only 5.3 percent payment of unsecured debts that arose out of the commission of a willful and wanton tort.

"Good faith" is not defined in the Bankruptcy Code. To obtain confirmation of a Chapter XIII plan under the Bankruptcy Act, the court was required to find that "the proposal and its acceptance are in good faith and have not been made or procured by any means, promises, or acts forbidden by this Act." Bankruptcy Act § 656(a)(4). In its discussion of the good faith requirement of § 656(a)(4) of the Bankruptcy Act, 10 *Collier on Bankruptcy* § 29.06 [6] at 339 (14th ed. 1978) provides:

> Fraud, improper scheduling, payment or promises to pay money to procure acceptances are instances of lack of good faith as well as acts barred by the statute. Good faith itself is not defined but generally the inquiry is directed to whether or not there has been an abuse of the provisions, purpose, or spirit of chapter XIII in the proposal or plan.

The question then is whether Debtor's plan, in proposing a 5.3 percent payment on unsecured debts, abuses the provisions, purpose, or spirit of Chapter 13 of the Bankruptcy Code.

Assuming that Creditors' unsecured debts did arise out of a willful and wanton tort as alleged, such debts would be excepted under 11 U.S.C. § 523(a)(6)[3], from a Chapter 7 discharge or a Chapter 13 hardship discharge. However, said debts are not excepted from a Chapter 13 discharge granted under 11 U.S.C. § 1328(a)[4] when the debtor completes all payments under the plan.

In a recent article on Chapter 13 under the new Code, Judge Lee notes that:

> A third important advantage available under chapter 13 is that the debtor can obtain a release from nondischargeable, unsecured debts, other than claims entitled to priority or for alimony or child maintenance, by partial payment of claims under a composition plan. A nondischargeable debt, such as a debt for embezzlement, for money obtained by fraud for willful and malicious injury to the person or property of another, for a fine or for an educational loan, can be compromised in same manner as other unsecured debts. On payment of the amount provided in a composition plan dealing with any such claim, the debtor is entitled to receive a discharge releasing him from balance of the claim.

Lee, *Chapter 13 nee Chapter XIII*, 53 Am.Bank.L.J. 303 at 307 (1979)

By utilizing this advantage available under Chapter 13, it cannot be said that Debtor has abused the provisions of Chapter 13.

The Congressional policy behind the enactment of Chapter 13 of the Bankruptcy

---

**2.** 11 U.S.C. § 1325(a)(3) provides that: "The court shall confirm a plan if–the plan has been proposed in good faith and not by any means forbidden by law;"

**3.** 11 U.S.C. § 523(a)(6) provides that: "A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt–for willful and malicious injury by the debtor to another entity or to the property of another entity;"

**4.** 11 U.S.C. § 1328(a) provides that: "As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt–

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title."

Code was to "... permit almost any individual with regular income to propose and have accepted a reasonable plan for debt repayment based on the individual's exact circumstances." S.Rep. No. 989, 95th Cong., 2d Sess. 13 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5799. Debtor herein, is a divorcee who has custody of his two sons, ages 7 and 5. Debtor is employed as a computer systems engineer. The excess of Debtor's future monthly income over future monthly expenses of his family amounts to $150.00. Debtor is proposing to pay $150.00 each month into his Chapter 13 plan. Debtor's plan for debt repayment appears reasonable to this court based on Debtor's present economic ability.

For the foregoing reasons, it is the conclusion of this court that Debtor's plan does not abuse the provisions, purpose, or spirit of Chapter 13 and is therefore proposed in good faith.

### ISSUE IV

■ Creditors further object to confirmation of Debtor's plan on the ground that 11 U.S.C. § 1328(a), the discharge provision of Chapter 13, denies Creditors equal protection, deprives them of their property rights without due process of law, and violates the constitutional requirement of "uniform laws" on the subject of bankruptcies. 11 U.S.C. § 1328(a) provides:

As soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt–

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

An objection to confirmation of a Chapter 13 plan is predicated on the failure of the plan or the procedure employed prior to confirmation to conform with the requirements of Chapter 13. S.Rep. No. 989, 95th Cong., 2d Sess. 142 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The Code and its legislative history are emphatic that confirmation is not discretionary with the court once the six criteria for confirmation under 11 U.S.C. § 1325 [5] have been satisfied. 5 *Collier on Bankruptcy* § 1325.01 (15th ed. 1980). Thus, a contention that the § 1328(a) discharge, which is granted after the debtor has made all the payments provided in his/her confirmed plan, is unconstitutional will not bar confirmation of a Chapter 13 plan that meets the six requirements for confirmation under 11 U.S.C. § 1325.

This court finds that Debtor's plan meets the first five criteria for confirmation but fails to meet the sixth criteria of debtor being able to make all payments under the plan.[6] Debtor proposes to pay National City Bank, holder of third mortgage on Debtor's residence, $100.00 a month for 36

---

**5.** 11 U.S.C. § 1325(a) provides that: "The court shall confirm a plan if–

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan–

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan."

**6.** 11 U.S.C. § 1325(a)(6) provides that: "The court shall confirm a plan if–the debtor will be able to make all payments under the plan and to comply with the plan."

months or $3,600.00. Debtor further proposes a 5.3 percent payment of his unsecured debts, which amounts to $1,588.57. The Chapter 13 Trustee's fee, which is calculated by taking 10 percent of the sum proposed to be paid inside the plan, is $518.86. The balance of fees of the attorney for the Debtor, to be paid inside the plan, is $800.00. Adding the above four figures, there is a total of $6,507.43 to be paid inside the plan.

Debtor proposes to contribute $150.00 monthly for 36 months, or $5,400.00, to the Chapter 13 trustee to fund his plan. Thus, there is a deficiency of approximately $1,100.00 between Debtor's proposed payments and Debtor's proposed funding. Therefore, the Debtor is unable to meet the sixth requirement of confirmation of the plan as provided for under 11 U.S.C. § 1325(a)(6). For that reason, the Court cannot confirm the Plan as filed.

The Court, however, finds that the debtor should be allowed 15 days from the date of the entry of this finding and order to amend the Plan under Chapter 13 to provide sufficient funding, either by increasing the contribution to the trustee or by other means as provided for by the Code.

Failure of the Debtor to amend the Plan as specified by the Court will be grounds for dismissal as provided for by 11 U.S.C. § 1307(c)(4).