**In re Margaret Faye BURCHETT, Debtor.**

**Bankruptcy No. 2-80-04119.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Jan. 16, 1981.

Lee C. Mittman, Columbus, Ohio, for debtor.

Frank Pees, Worthington, Ohio, trustee.

**ORDER ON CONFIRMATION OF CHAPTER 13 PLAN**

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13

plan, as amended, proposed by Margaret Faye Burchett. The plan now calls for a payment of $45.00 per week to the Chapter 13 trustee, payment of secured claims in full, and payment of a 10% dividend on all allowed unsecured claims. The plan will extend for 36 months.

To put the distributions to creditors proposed in this case in perspective, it appears that the total dollar pay-in by this debtor to the Chapter 13 trustee over the life of the plan will be $7,020.00. After deduction of the trustee's costs and expenses (figured at the statutory 10%) and attorneys' fees, the total funds available to creditors will be approximately $5,900.00. Bank One of Columbus holds by far the largest single claim against the debtor. The claim is in the total amount of $8,628.47 and is secured by a 1980 Chevrolet which the Court has valued at $4,800.00. Given the debt structure and the nature of the plan proposed by this debtor, it appears to the Court that almost 90% of the monies distributed to creditors in this case will be distributed to Bank One on account of its obligation. The 1980 Chevrolet was purchased by this debtor in January of 1980 for a cash price of $9,360.00, a figure which exceeded her entire gross income for all of the preceding calendar year. The deferred payment price on the vehicle amounted to $12,965.50. After credit for a cash down-payment of $518.82, and a net trade-in credit of $350.98, a note signed by the debtor to pay for the vehicle called for payments of $252.00 per month for a period of forty-eight (48) months, representing a total pay-back of $12,096.00. The monthly obligation assumed by the debtor under the terms of this note represented more than 40% of her monthly take-home pay at the time.

The debtor could not then and cannot now afford to pay for this vehicle under the contract terms. She seeks, however, Court authorization to enter into a Chapter 13 plan which allows her to keep the vehicle, pay a substantially depreciated price representing its current value, and pay a minimal dividend to all unsecured claimants, including that portion of the motor vehicle debt which is unsecured. It is obvious that the primary, if not the sole, purpose of this plan is the retention of an imprudently purchased asset.

Whether couched in terms of a violation of the "compliance" standard set forth in § 1325(a)(1) of the Bankruptcy Code, or in terms of a violation of the "good faith" standard set forth in § 1325(a)(3) of the Bankruptcy Code, it is clear that a growing number of Chapter 13 plans are not confirmed where the bankruptcy court is not persuaded that the plan is in furtherance of the central purpose of Chapter 13—a sincerely-intended repayment of pre-petition debt consistent with available debtor resources. To the extent that other purposes appear to dominate the Chapter 13 proposal—avoidance of dischargeability problems, the existence of a prior Chapter 7 discharge within a six-year period, the restructuring of secured debt with a token dividend to unsecured creditors, or the like—courts have been inclined to deny confirmation. See, *In Re Frederickson*, 5 B.R. 199, 6 B.C.D. 665 (Bkrtcy. M.D. Fla., 1980); *In Re DeSimone*, 6 B.R. 89, 6 B.C.D. 861 (Bkrtcy. S.D.N.Y., 1980); *In Re Seitz*, No. 2–79–03089 (S.D. Ohio, 1979) (unreported); *In Re Skelton*, No. 2–79–03624 (S.D. Ohio, 1980) (unreported); *In Re Ross*, No. 2–80–03455 (S.D. Ohio, 1980) (unreported).

This Court approaches the confirmation question on a case by case basis. While it is tempting to set strict guidelines regarding the minimum dividend acceptable in a Chapter 13 plan, the infinite variety of debt problems confronting individual debtors would make such guidelines unduly restrictive and unfair in some cases. Certainly the presence of an objection to confirmation by a creditor or the Chapter 13 trustee would cause the Court to closely examine the terms of a Chapter 13 plan for satisfaction of the confirmation standards set forth in § 1325 of the Bankruptcy Code. However, even without such objection, there seems to be a necessary independent finding by the Court that a Chapter 13 plan is confirmable. In a borderline case, however, the Court is likely to opt for confirmation where no party in interest has objected to the confirmation.

So it is in the present case. The dividend is minimal, but not zero. The debtor is still making a significant financial commitment relative to her resources. Her desire to keep and pay for her late model car, though possibly somewhat unwise from the Court's perspective, is understandable. In sum, the Chapter 13 plan of this debtor does not appear to fall outside of the parameters of a permissible pay-back proposal to creditors. An order confirming this debtor's plan will issue forthwith.

IT IS SO ORDERED.