**In re Scott W. HALL, Paula F. Hall, Debtors.**

**Bankruptcy No. 2–80–04046.**

United States Bankruptcy Court, S. D. Ohio, E. D.

May 22, 1981.

J. Patrick Thomas, Columbus, Ohio, for BMI Federal Credit Union.

Robert E. Lee, Columbus, Ohio, for Household Retail Services, Inc.

Lee C. Mittman, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

## ORDER ON OBJECTION TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

BMI Federal Credit Union has filed an objection to confirmation of the Chapter 13 plan proposed by Scott and Paula Hall, alleging that the plan has not been proposed in good faith [11 U.S.C. § 1325(a)(3)] in that it calls for only a nominal or token payment to creditors and has been proposed for the purpose of avoiding the exceptions to discharge in a Chapter 7 bankruptcy (see 11 U.S.C. § 523). Household Retail Services, Inc. ("Household") has also objected to confirmation on grounds of good faith and further raises an issue with respect to the extent to which Household is secured in certain personal property owned by the debtors. This latter issue is separately raised in this proceeding and will be separately ruled upon by this Court.

The presently proposed plan of Scott and Paula Hall calls for payments of $256.00 per month for a period of thirty-six (36) months, payment of allowed secured claims in full, and a 12% dividend on all allowed unsecured claims.

The objection of the creditors in this case is largely premised upon the incredible "buying spree" engaged in by the debtors in the few months preceding the filing of their Chapter 13 petition. In addition to purchasing over $12,000.00 worth of new furniture from White's Furniture Store in Columbus, Ohio, (borrowing money from BMI to make those purchases), the Halls borrowed $7,500.00 from BMI for home improvement and remodeling and an additional $20,000.00 from Buckeye Federal Savings and Loan for home remodeling. In addition, an itemized list of disbursements from the Halls' checking account between October of 1979 and April of 1980 reveals an incredible array of discretionary purchases, including carpeting, a woodburning stove, a microwave oven, Tiffany lamps and lights, a stockade gate, pictures and mirrors, wallpaper, silverware, building supplies and materials, and other similar items. By virtue of these pre-petition expenditures the debtors reveal on their Chapter 13 statement a debt structure which includes a $38,000.00 first mortgage on their home, a $21,000.00 second mortgage on their home (for a home improvement loan), other secured obligations in various items of personal property, including motor vehicles and household goods, totaling over $27,000.00, and unsecured obligations totaling almost $12,000.00. The monthly contract payments called for by the secured debt alone is over $1,600.00, as compared to the total monthly take-home pay for these two debtors of $1,800.00. The gross degree of over-spending is obvious.

BMI has additionally alleged that one or more of its loan transactions with the debtors were tainted by fraudulent loan applications, thus making it possible that the obligations may be nondischargeable in a Chapter 7 setting [see 11 U.S.C. § 523(a)(2)].

While it may be granted that the debtors are now attempting to make the best effort possible, in light of available resources, to recover from their pre-petition fiscal imprudence, this Court must nonetheless determine, given the financial picture painted by the debtors, whether or not a Chapter 13 plan is proposed in good faith and is feasible. The "sliding scale" approach is used by this Court [see *In re Breckenridge*, No. 2–80–03823 (S.D.Ohio, 1980) (unreported)] to make this determination. The debtors have failed, in this case, to convince this Court that the requisite good faith is present. The debtors are in a severe financial bind of their own making. They seek to extricate themselves from this bind by a low dividend Chapter 13 plan which allows them to enjoy the spoils of their "buying spree" while under the protection of the Federal Bankruptcy Court and the automatic stays provided for in §§ 362 and 1301 of the Bankruptcy Code. This Court might be inclined to accept and confirm a Chapter 13 plan involving a single imprudent purchase [see *In re Burchett*, No. 2–80–04119 (S.D.Ohio 1981) (unreported)], especially where there is no objection from creditors. However, under the facts of this case, given the objection of creditors, this Court cannot confirm the Chapter 13 proposal of these debtors.

Based upon the foregoing, the Court hereby determines that the Chapter 13 plan proposed by these debtors lacks the requisite "good faith" required by § 1325(a)(4) of the Bankruptcy Code. The objections to confirmation filed by BMI and Household are hereby sustained and confirmation of the debtors' Chapter 13 plan is hereby denied. Debtors shall have ten (10) days from the date of this Order to take such steps as may be appropriate in this proceeding.

IT IS SO ORDERED.