**In the Matter of William E. KEISER, Jr., Debtor.**

**Bankruptcy No. 83–83.**

United States Bankruptcy Court, D. Delaware.

Nov. 9, 1983.

Patrick Scanlon, Dover, Del., for debtor.

Thomas D. Runnels, Newark, Del., trustee.

Michael J. Goodrick, Wilmington, Del., for creditors.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

William E. Keiser, Jr. (Debtor) filed a Chapter 13 petition with plan on March 10, 1983. Only three creditors are listed in Debtor's schedules: GMAC, Michael Browning and Dale Vanier. Debtor's plan proposes a payment of $120 a month for 36 months. It provides that his wife will pay off the amount due GMAC, $750, so that Browning and Vanier alone are to receive payments under the plan. Browning and Vanier (Creditors) filed objections to confirmation of this plan contending that it was not proposed in good faith and was not in their best interest. 11 U.S.C. § 1325(a)(3) and (4).

It was established at the confirmation hearing that Debtor while intoxicated shot Browning and Vanier with an 8mm rifle in an unprovoked attack. Debtor plead guilty to second degree assault. A default judgment was entered against Debtor in favor of Browning and Vanier in Kent County, CA–1387, 1975 for $58,909.90. Debtor has paid $8,057.15 through a wage attachment. The balance due each Creditor as of the end of the month in which Debtor filed his petition was:

| Michael Browning | $36,300.00 | principal |
| | 12,342.00 | interest |
| | $48,642.00 | |
| | −5,317.74 | payments (66%) |
| | $43,324.28 | Total |
| Dale Vanier | $18,700.00 | principal |
| | 6,358.00 | interest |
| | $25,058.00 | |
| | −2,739.43 | payments (34%) |
| | $22,318.57 | Total |

Total amount due Creditors:

| $65,642.83 | |
| 60.90 | costs |
| $65,703.75 | |

The term "good faith" is not defined in the Code. The Creditors point to the proposed payment, the nature of the debt and the fact that they are the only ones to be paid under the plan to support their contention that the Debtor has not shown good faith. Although the Third Circuit Court of Appeals has not defined good faith in this context, other Circuit Courts have provided guidelines for determining whether a plan has been proposed in good faith. The Eighth Circuit has summarized recent decisions and arrived at a list of eleven factors to be considered in deciding "whether the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13." *In re Estus,* 695 F.2d 311 (8th Cir.1982). These factors include:

1. the amount of the proposed payment and the amount of debtor's surplus;

2. debtor's employment history, ability to earn and likelihood of future increases in income;

3. probable or expected duration of the plan;

4. the accuracy of the plan's statements of debts, expenses and percentage repayment of unsecured debts and whether any inaccuracies are an attempt to mislead the court;

5. the extent of preferential treatment between classes of creditors;

6. the extent to which secured claims are modified;

7. the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7;

8. the existence of special circumstances such as inordinate medical expenses;

9. the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

10. the motivation and sincerity of the debtor seeking Chapter 13 relief; and

11. the burden which the plan's administration would place upon the trustee. *Id.* at 317

The *Estus* court noted that an analysis of all of the circumstances in a particular case is necessary to determine whether a particular plan has been proposed in good faith. Factors 1, 3, 7 and 10 appear to be most relevant in evaluating Debtor's proposed plan. Debtor proposes to pay $120 a month to the trustee for three years. The entire amount, less administrative expenses, to be paid to Creditors will result in payment of less than 6.5% of the total balance due them on the date of filing. Debtor has estimated monthly expenses of $1,416.75 which, when subtracted from total monthly income of $2,532.70, leaves a surplus of $1,115.35. Debtor's schedules reflect combined income although his spouse did not file for relief— his income is $713.80 a month. His wife's income alone is sufficient to cover monthly expenses.

 The Code does not require a Debtor to propose payment of a certain percentage of unsecured debts, however the proposition of less than a substantial payment to such creditors may be evidence of a Debtor's lack of good faith. *In re Sanders,* 28 B.R. 917 (Bkrtcy.Kan.1983); *In re Chase,* 28 B.R. 814 (Bkrtcy.Md.1983). A payment of $120 a month cannot be considered substantial in view of the fact that Debtor and his wife have an excess monthly income of $1,115.35. Despite the fact that Debtor's wife did not join in his petition, her income is listed in his schedules and his plan states that she will assume full responsibility for a secured auto loan in both names. It appears that Debtor could pay more than $120 a month under a plan without hardship to himself or his family. Creditors have been receiving $30 a week (or approximately $120 a month) by way of a wage attachment. Nothing had been paid before that time. Creditors would receive less under Debtor's proposed plan than before Debtor filed his petition. These facts contradict an assertion that Debtor is attempting to repay his creditors to the best of his ability.

 Another factor to be considered in determining whether Debtor's plan has been proposed in good faith is the duration of the plan. Debtor proposes to make payments for three years. In view of the relatively small percentage of the obligation Debtor proposed to pay Creditors, it does not seem unreasonable that he would have considered a five year plan instead of the proposed three year period. A Debtor's proposal of payment for less than the maximum period taken alone is not enough to demonstrate a lack of good faith, but in combination with other circumstances may indicate bad faith. *In re Chase,* supra.

Whether a debt is dischargeable in a Chapter 7 proceeding is also a factor in determining good faith. The objecting Creditors are owed a debt arising from an intentional tort. Such a debt is non-dischargeable under Chapter 7. 11 U.S.C. § 523(a)(6). Chapter 13 is designed to give debtors an opportunity to make a fresh start and its discharge provisions are much broader than Chapter 7 discharge provisions. Absent other evidence of bad faith, dischargeability is not relevant to a determination of whether a proposed plan is confirmable under § 1325 because a debt non-dischargeable in a Chapter 7 proceeding under § 523(a)(6) may be discharged under § 1328(a) after completion of payments under a plan. However, Congress never intended Chapter 13 to serve as a means of avoiding liability by way of a discharge absent an honest effort to repay obligations. *Deans v. O'Donnell,* 692 F.2d 968 (4th Cir.1982).

Debtor and his wife made a mortgage application and were turned down apparently because of the wage attachment. Thereafter, Debtor filed his Chapter 13 petition listing creditors Browning and Vanier as the only creditors, secured or unsecured, to receive payments under the plan. Debtor has no assets, yet his wife has approximately $13,000 in a bank account in her name only. Debtor's wife is also the sole owner of the property on which the couple's trailer is located. Debtor's primary purpose for filing a Chapter 13 petition is to obtain a discharge of an otherwise non-dischargeable debt through a nominal payment plan which does not indicate a sincere desire to repay creditors to the best of his ability.

This equates to a lack of good faith and confirmation of Debtor's proposed plan must be denied.