**In re Gerardus Johannes DeREUS and Hillegonda Jantina DeReus, Debtors.**

**Bankruptcy No. 84–03699–P13.**

United States Bankruptcy Court, S.D. California.

Sept. 30, 1985.

John J. Hargrove, San Diego, Cal., for debtors.

Harry Heid, San Diego, Cal., Trustee.

Allen J. Capeloto, Capeloto & Rubin, San Francisco, Cal., for Herman Bauer, creditor.

David L. Skelton, San Diego, Cal., for Trustee.

## MEMORANDUM OF DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

On August 29, 1984, Gerardus and Hillegonda DeReus ("DeReus") filed for Chapter 13 relief. They listed one debt secured by their residence and one unsecured debt in excess of $79,000 to Herman Bauer ("Bauer"), a former business partner of Mr. DeReus. Confirmation of the debtors' Chapter 13 plan was opposed by Bauer and at the parties' request, the objection to confirmation has been treated as a contested matter under B.R. 9017. After an evidentiary hearing, the Court took under submission the issue of whether the debtors' amended Chapter 13 plan dated March 26, 1985, should be confirmed.

## FACTUAL SUMMARY

On March 12, 1984, Bauer, the debtors' only unsecured creditor, litigated a contractual claim against Mr. DeReus in the Superior Court, County of San Francisco, California. Bauer prevailed on his claim and judgment was formally entered on July 10, 1984, in the amount of $76,887.00. Shortly before trial of the Bauer suit began, the debtor received $159,717 in cash from the sale of a parcel of real property in northern California. By the time their Chapter 13 proceeding was filed on August 29, 1984, the debtors claimed to have remaining from that sum only $4,500 in deposit accounts, and $20,800 in possession of their daughter. Bauer claims that the disposition of approximately $135,000 in a five-month period of time, the failure of the debtors to accurately account for this disposition and the inaccurate statements made by the debtors concerning their assets and income are *indicia* of bad faith barring confirmation under Section 1325(a)(4).

## DISCUSSION

■ The Bankruptcy Court's determination of good faith is one made on a case-by-case basis. *In re Goeb*, 675 F.2d 1386 (9th Cir.1982). Although the *Goeb* decision leaves the determination of good faith to

the discretion of the bankruptcy judge as a trier of fact, the Court does state:

> [W]e believe that the proper inquiry is whether [the] debtors acted equitably in proposing their chapter 13 plan. A bankruptcy court must inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his chapter 13 plan in an inequitable manner. Though it may consider the substantiality of the proposed repayment, the Court must make its good faith determination in the light of *all* militating factors. (citations omitted). At page 390.

## I.

### PREFERENTIAL TRANSFERS AND DISCRETIONARY EXPENDITURES AS BAD FAITH

The testimony elicited from DeReus established that the debtors paid a second trust deed on their residence having an approximate balance of $52,717, paid off all of their credit cards having an approximate balance of $10,160, took a cruise to Mexico costing $1,943, and paid $13,840 for their daughter's wedding reception and wedding gifts, all within the period March 1984 to August 1984. Bauer's counsel claims that these expenditures are in the nature of a "buying spree" as disapproved by the bankruptcy courts in the cases of *In re Hall*, 12 B.R. 226 (Bankr.S.D.Ohio 1981) and *In re Fields*, 27 B.R. 98 (Bankr.Ore. 1983).

Both the *Hall* and *Fields* cases are distinguishable from the instant case. In the *Hall* case, the debtors purchased $12,000 of furniture and borrowed over $27,500 on a secured basis thereby obligating themselves to contract payments to such an extent that they could pay only 12 percent to their unsecured creditors. Likewise, in the *Fields* case, the debtors purchased a pickup truck one month prior to filing their Chapter 13, increasing their obligations for secured debt and reducing their ability to pay unsecured creditors to 41 percent.

In the present case, the debtors did not go on a "buying spree" that resulted in increasing their indebtedness to the detriment of unsecured creditors. To the contrary, the debtors have paid their creditors, admittedly in preference to payment of Bauer's judgment. Some of these preferential payments are outside the 90-day preference period and were not made to insiders.

California Civil Code § 3432 provides:

> A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another.

California case law has routinely held that the mere preferring of one creditor over another in the absence of fraud is not generally forbidden by law. *See, First Nat'l Bank of Stockton v. Pomona Tile Mfg. Co.*, 82 Cal.App.2d 592, 186 P.2d 693 (1947); *Sefton v. San Diego Trust & Savings Bank*, 106 P.2d 974 (App.1940). Even where bankruptcy has intervened, federal case law in this Circuit agrees with this principle where the transfers cannot be avoided as preferences under bankruptcy law. *Peter Barceloux Co. v. Buffum*, 61 F.2d 145 (9th Cir.1932); *U.S. v. Eleven Certain Parcels of Land In Tulare County, California*, 45 F.Supp. 289 (D.C.Cal. 1942). In denying a trustee's request to have preference outside the bankruptcy avoidance period declared a fraudulent conveyance made with intent to defraud creditors, the court in the *Barceloux* case stated:

> The most that can be said of the transaction is that it was a preference, and a preference *per se* cannot be fraudulent solely because it is designed to, and does in fact, defer other creditors to the preferred creditor. (at page 149).

In discussing California Civil Code § 3432, the *Barceloux* court went on to state:

> The [section is] but a declaration of the rule of the common law. It is founded upon the principal that a man may do what he pleases with his own. (at page 50).

■ Therefore, the mere making of transfers of property which are not avoidable as preferential transfers under § 547 is not, absent more, bad faith.

## II.

## INACCURATE ACCOUNTING FOR THE DISPOSITION OF FUNDS AND INACCURATE STATEMENTS CONCERNING ASSETS AND LIABILITIES AS BAD FAITH

■ Next, Bauer's counsel argues that inaccurate statements made by the debtors concerning the disposition of the $135,000 and concerning the value of their assets should cause the Court to deny confirmation under § 1325(a)(4). In discussing the good faith element of the Chapter 13 confirmation standards, the court in *In re Johnson*, 708 F.2d 865 (2d Cir.1983) stated:

> "Good faith," while not defined by statute or legislative history ... certainly does, however, require "honesty of intention," ... in the sense of focusing on the debtor's conduct in the submission, approval and implementation of the chapter 13 plan. (citations omitted) At page 868.

The Eighth Circuit Court of Appeals has likewise approved this construction of the requirement of good faith in the case of *In re Fawcett*, 758 F.2d 588 (11th Cir.1985). The requirement of "honesty of intention" is consonant with the *Goeb* court's mandate that a bankruptcy court inquire whether the debtor has "unfairly manipulated the Bankruptcy Code or otherwise proposed his chapter 13 plan in an inequitable manner." It is in applying this test that the Court must deny confirmation of the DeReus Chapter 13 Plan.

The DeReus' were initially represented by Attorney Maureen T. Furlong. While represented by Ms. Furlong, they filed schedules signed under penalty of perjury valuing their 1975 Mercedes at $6,000 and their residence at $130,000. They listed a savings account at San Diego Savings and Loan (sic) having a balance of $3,300. Ms. Furlong amended the schedules by amendment filed December 10, 1984, but no changes were made to these valuations. After a lengthy continuance of the confirmation hearing so that Mr. Bauer's counsel could conduct discovery, an amended Chapter 13 statement was filed by present counsel in April 1985. That statement listed substantially the same value for the debtors' Mercedes, the bank account balance and residence.

During the evidentiary hearing on confirmation, Mr. DeReus testified that he had purchased the Mercedes for $11,000 in September 1983. He ascribed the discrepancy between the purchase price and the scheduled value to his "overpaying" for the vehicle. Then, he testified that he had purchased his residence for $146,500 in September 1983. Again, he attributed the discrepancy between the purchase price and scheduled value to an imprudent purchase. Finally, he admitted that his bank balance in the San Diego Trust and Savings bank account was actually $4,358 on the date of filing, not the $3,000 listed.

In addition, the accounting for the disposition of the $135,000 was an incredible series of contradictions and "corrections." Counsel for Mr. Bauer produced Exhibit "4" prepared by Mr. and Mrs. DeReus in the handwriting of Mr. DeReus, which purportedly accounted for the disposition of $135,000 of the $159,717 received on March 6, 1984. Upon cross-examination, Mr. DeReus admitted the following:

1. The $5,960 expended for purchase of a Chevrolet El Camino (Item 9 of the accounting) was actually made in November 1983;

2. The expenditure of $11,169 for the Mercedes (Item 11) was actually made in September 1983;

3. The expenditure of $2,465 for a trip to Holland (Item 13) was actually made in November or December 1983;

4. The repayment of $23,666 by cashier's check to Mr. DeReus' brother in Holland (Item 6) was actually made on March 2, 1984, four days before escrow closed on the transaction generating the $159,000 sum;

5. The expenditure of $1,600 for their son's orthodonture work (Item 5) was actually made by a down payment of $900 in September 1983 and monthly payments paid thereafter at the rate of $70 per month, rather than a lump sum payment of $1,600 after March 6, 1984.

Adding together only those sums represented by the above-referenced items, it appears there has been no accounting for $44,860 of the cash received in March 1984.

■ While minor inaccuracies in the schedules might be credibly explained by debtors who were accurate in all other respects as to their financial affairs, when coupled with an outright false accounting as to the disposition of the sale proceeds, the Court cannot find the explanations given by these debtors are mere honest mistakes. The evasive demeanor of Mr. DeReus during the confirmation hearing and his conflicting and inaccurate testimony simply does not entitle this debtor to be believed.

## CONCLUSION

In summary, this Court finds that the amended Chapter 13 plan dated March 26, 1985, should be denied confirmation for lack of good faith.

This Memorandum of Decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for Mr. Bauer shall prepare and submit an order in conformance with this Decision within ten (10) days of its entry.