**In re Jeffrey L. RICE and Kimberly A. Harrigan, Debtors.**

Civ. A. No. 86–547–JRR.

United States District Court,
D. Delaware.

April 3, 1987.

Eric M. Doroshow, of Doroshow & Pasquale, Wilmington, Del., for debtors.

Thomas D. Runnells, Newark, Del., Trustee for Dist. of Del.

ROTH, District Judge.

This is an appeal from an Order of the United States Bankruptcy Court for the District of Delaware denying confirmation of the Debtors' Chapter 13 Plan. The Bankruptcy Court found that the Plan was not proposed in good faith as required under 11 U.S.C. § 1325(a)(3). We affirm that decision.

### I. *Facts*

On March 23, 1986, Jeffrey L. Rice and Kimberly A. Harrigan, husband and wife, ("Debtors") purchased a new home. In order to meet the monthly mortgage payments on it, the Debtors planned to rely on expected salary increases and earnings from a daycare center they proposed to establish in the new home. Neither was ever realized. Rice received no salary increase and Harrigan's monthly income actually decreased when she was switched from the status of hourly to salaried employee. The daycare center did not materialize because higher than anticipated settlement costs and reduced monthly income prevented the Debtors from performing the necessary renovations. These financial problems quickly grew to the point that Debtors began to fall behind on payments to their creditors.

On July 7, 1986, Debtors filed a Voluntary Joint Petition in Bankruptcy under Chapter 13 of the Bankruptcy Code. The Debtors' repayment Plan, filed on July 30, 1986, provided for full repayment, including interest, to the secured creditor, holder of the mortgage on Debtors' new home, and a 13 percent payout to the unsecured creditors.

The appointed Trustee opposed the Plan on the basis that it would afford Debtors the right to keep their new house worth over $100,000, plus two relatively new automobiles, while the unsecured creditors got no more than 13 cents on the dollar. The Trustee contended that the Debtors should not be permitted to maintain such a

**312**

lavish lifestyle at the expense of the unsecured creditors.

## II. *Discussion.*

The issue on appeal is whether the Debtors' Chapter 13 Plan has been "proposed in good faith," as is required under 11 U.S.C. § 1325(a)(3). In 1983 the Bankruptcy Court for the District of Delaware expressly adopted a list of eleven factors, first outlined by the Eighth Circuit Court of Appeals,[1] which should be considered in deciding whether a plan has been proposed in good faith. *In re Keiser*, 35 B.R. 496 (Bankr.D.Del.1983). The most relevant of these eleven factors to the case at hand is the existence of "special circumstances." The circumstances of this case are the reasons we conclude the plan has not been proposed in good faith.

The Trustee does not contend that Debtors' proposed Plan demonstrates a serious abuse of Chapter 13. Nevertheless, he maintains that good faith is lacking when Debtors are permitted to maintain such a high standard of living while the unsecured creditors receive only 13 percent of the amount they are owed. The Debtors' plunge into bankruptcy was precipitated by the attempt to enhance their lifestyle by purchasing a new home. The purchase increased their household expenses from $650–$700 per month to over $1,100 per month. This jump in lifestyle and monthly expenses occurred less than four months before Debtors filed for bankruptcy. They barely had time to get used to their new status. Now, Debtors propose a Plan that would permit them to maintain this recently acquired lifestyle at the expense of the unsecured creditors. The alternative is a return to the lifestyle Debtors enjoyed, and seemed able to afford, before their financial turmoil began.

■ The Debtors correctly state that there is no per se requirement that a Chapter 13 Plan provide for substantial repayment of unsecured creditors in order to be proposed in good faith. See *In re Hines*, 723 F.2d 333, 334 (3rd Cir.1983); *Flygare v. Boulden*, 709 F.2d 1344, 1348 (10th Cir.

1983). Good faith must be determined on a case by case basis. *In re Fields*, 27 B.R. 98, 99 (Bankr.D.Or.1983).

■ There have been many Chapter 13 Plans approved by the Courts in which unsecured creditors received less than a 13 percent payment. See *Barnes v. Whelan*, 689 F.2d 193 (D.C.Cir.1982); *In re Goeb*, 675 F.2d 1386 (9th Cir.1982); *In re Slade*, 15 B.R. 910 (Bankr. 9th Cir.1981); *In re Weiss*, 34 B.R. 346 (Bankr.E.D.Pa.1983); *In re Fluharty*, 7 B.R. 677 (Bankr.N.D.Ohio 1980). However, none of these decisions indicated an ability by the debtor to make payments any greater than those established in the plan. Here the Debtors do have that ability, although it will require adjustments on their part which are greater than keeping their new house at the expense of their unsecured creditors.

One case on which the Debtors understandably rely in support of certification of the Plan is *In re Burchett*, 8 B.R. 473 (Bankr.S.D.Ohio 1981). In *Burchett*, the Court approved a Chapter 13 plan in which the one secured creditor was to be repaid almost in full and the unsecured creditors were to get very little. In approving the plan, the Court permitted the debtor to retain an expensive automobile on which the monthly payments consumed 40 percent of the debtor's monthly income. The Court called it a "borderline case", and approved the plan because none of the creditors objected to it.

However, four months later, the same Judge, Bankruptcy Judge R.J. Sidman, refused to certify a plan which would have allowed the debtors to retain the "spoils of their 'buying spree,'" which caused the financial crisis, while the unsecured creditors would receive only 12 cents on the dollar. *In re Hall*, 12 B.R. 226, 227 (Bankr.S.D.Ohio 1981). Judge Sidman distinguished *Hall* and *Burchett* by noting that in *Burchett* the debtor made only one imprudent purchase, not several as in *Hall*, and that the creditors did not object to the plan in *Burchett* as they did in *Hall*.

---

1. See *In re Estus,* 695 F.2d 311 (8th Cir.1982).

In this case, Debtors' purchase of their new home can also be termed an "imprudent purchase." However, as the trustee rightly contends, it is an imprudence that they, not their unsecured creditors, should pay for. A Plan which allows Debtors to keep the spoils of this purchase, while the unsecured creditors receive only 13 cents on the dollar, is not a Plan that can be confirmed by this Court. The decision of the Bankruptcy Court is affirmed.