In re Vincent L. **LEONE** and Antonette M. Leone, Debtors.

No. 02–12597.

United States Bankruptcy Court, W.D. Pennsylvania.

April 28, 2003.

Michael J. Graml, Esq., Erie, PA, for Debtors.

Ronda J. Winnecour, Esq., Pittsburgh, PA, Chapter 13 Trustee.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

Vincent L. Leone and Antonette M. Leone ("Debtors") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on November 27, 2002. Presently before the Court for consideration is confirmation of the Debtors' Chapter 13 Plan dated November 27, 2003 (the "Plan").

---

**1.** All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

The Chapter 13 Trustee recommends confirmation.

### Facts

Debtors own real property located at 4308 Alison Avenue, Erie, Pennsylvania, which serves as their principle residence (the "Property"). The Property is valued at $138,380.

U.S. Bank, N.A. as Trustee ("US Bank") holds a first mortgage secured by the Property with a balance of $205,796. Wells Fargo Financial America, Inc. ("Wells Fargo") holds a second mortgage against the Property which Debtors seek to avoid under § 506(a) in a separate Adversary Proceeding.[1]

The Plan provides for the Debtors to keep the Property valued at $138,380, cure arrearages of $18,957 to U.S. Bank, and to continue regular monthly payments of $1,325.58 which will result in a cure and reinstatement of the U.S. Bank mortgage. In other words, Debtors propose to maintain and pay the principal balance of $205,796 over time for the Property which is valued at no more than $138,380. The Plan also proposes full payment of delinquent real estate taxes in the amount of $6792.79 plus interest.

The Debtors have two vehicles. Debtors have modified the balance due to the lenders on the vehicles under § 506 and propose to pay the modified balances in full over the 36 month term of the Plan.

The Plan provides that Debtors will pay $2,850 per month for 36 months. Unsecured creditors will receive a dividend of approximately 11%. Debtors contemplate a monthly housing expense of $2,347.88, calculated as follows:

| | Paid through the Plan |
|---|---|
| Regular Mortgage Payment | $1,325.58 |
| Mortgage Arrears ($18,857 ÷ 36) | 523.80 |
| Delinquent Real Estate Taxes | |
| ($6,792.79 with 9% Interest ÷ 36) | 216.00 |

| | Paid outside the Plan |
|---|---|
| Current Real Estate Taxes (per Schedule J) | $ 192.50 |
| Homeowner's Insurance (per Schedule J) | 40.00 |
| Home Maintenance (per Schedule J) | 50.00 |
| Total | $2,347.88 |

Debtors list as dependents on Schedule I a 21 year old son and an 18 year old daughter.

## Issue

The issue which the Court raises sua sponte is whether it is appropriate to confirm a 36 month Plan of reorganization where Debtors seek to pay $205,264 plus delinquent real estate taxes for a house admittedly worth $138,380 with a total monthly housing expense of $2,347.88 when unsecured creditors receive a dividend of 11%.

## Discussion

 The Bankruptcy Code requires that a Chapter 13 Plan be proposed in good faith. § 1325(a)(3). "Before a bankruptcy court confirms a debtor's plan under Chapter 13, it must find that the plan was filed in good faith." *In re Smith*, 286 F.3d 461 (7th Cir.2002). "The provisions of 11 U.S.C. § 1325 ensure that a Chapter 13 plan...will be properly scrutinized by the bankruptcy court before the plan is confirmed, mitigating the danger of abuse." *In re Young*, 237 F.3d 1168, 1174 (10th Cir.2001). Whether a plan is filed in good faith is a question of fact based on the totality of the circumstances. *In re Smith*, 286 F.3d at 466; *See also In re PPI Enterprises (U.S.), Inc.*, 324 F.3d 197, 211 (3d Cir.2003) (In considering the good faith requirements in a Chapter 11 filing context, the court states that there is no list that is exhaustive of all the factors which could be relevant when analyzing a particular debtor's good faith.).

 "There is no requirement per se that a Chapter 13 Plan provide for substantial repayment of unsecured creditors." *In re Hines*, 723 F.2d 333 (3d Cir.1983). Plans are routinely confirmed by this Court and others where debtors lack an ability to provide unsecured creditors with a significant distribution. *In re Rice*, 72 B.R. 311 (D.Del.1987) (and cases cited therein).

Here, the Debtors have an ability to make significant distributions to unsecured creditors. A good faith effort would require that Debtors find replacement housing for themselves and their two adult children at a cost of less than $2,347 per month, or it may require that Debtors give up the idea of paying more than $205,000 for a $138,000 house; neither of which would impose a significant burden. If Debtors elect to maintain their Property, it is they that should bear the cost of the unusual and improvident expenses which unfairly discriminate against unsecured creditors. *In re Rice*, 72 B.R. 311, 313 (D.Del.1987). As an alternative, the Debtors could elect to extend the payments under their Plan for a term of up to 60 months. We are unable to find that the proposed Plan is filed in good faith.

Confirmation of the Plan will be refused.